## Moore *v.* Luzerne County, Appellant.

*Municipal corporations—Contracts—Contracts of employment—Validity—Agent or public official—Ultra vires—Burden of proof—Retiring county commissioners—Contract to open street—Affidavits of defense—Averments—Sufficiency—Act of May 11, 1909, P. L. 506.*

1. An affidavit of defense is ordinarily to be taken most strongly against the defendant.

2. Even aside from statutory provisions, the requirement of certainty is not so strict where an affidavit of defense is made by one acting in a representative capacity, or by a succeeding public official, if the affiant was not a party to the contract in suit.

3. If after giving due effect to the applicable procedural rules, it is not clear that plaintiff is entitled to recover, a rule for judgment for want of a sufficient affidavit of defense should be discharged.

4. Ordinarily neither a public official nor a private agent can make an executory contract to take effect after the expiration of

his term of office or agency; and the burden of proof is upon him who asserts the right of such official or agent so to do.

5. Section 11 of the Act of 11th May, 1909, P. L. 506, does not alter that principle.

6. The building of a public road is a governmental as distinguished from a business function of the public body constructing it.

Argued May 29, 1918. Appeal, No. 5, Jan. T., 1918, by defendant, from judgment of C. P. Luzerne Co., June T., 1915, No. 379, for plaintiff, for want of a sufficient affidavit of defense, in case of C. H. Moore v. County of Luzerne. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Assumpsit on a contract of employment.

Rule for judgment for want of a sufficient affidavit of defense. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff for want of a sufficient affidavit of defense.

*Frank A. McGuigan,* with him *William S. McLean, Sr.,* for appellant.—The agreement relied on was made only a few days before the office of the then commissioners expired; the work contemplated was not necessary to be performed forthwith and could not be practically and satisfactorily done in the winter season; therefore, the alleged contract was an attempt to tie up the hands of the new board and deprive them of their proper powers in the selection of an engineer. To enforce such an agreement against the will of the new board would be against public policy: Milikin v. Edgar Co., 32 N. E. Repr. 493; Board of Commissioners v. Taylor, 23 N. E. R. 752; 123 Ind. 148; Vacheron v. N. Y. City, 69 N. Y. Supp. 608; Sheldon v. Fox et al., 29 Pac. Rep. 750; 48 Kan. 356; Robson v. Smith, 32 Pac. Rep. 30; 50 Kan. 350.

*Wm. C. Price,* with him *Edmund E. Jones,* for appellee.—The county commissioners had the right to make a contract which would last after their term of office had expired: McCormick v. Hanover Township, 246 Pa. 169; Withers v. New York, 92 N. Y. App. Div. 147, 86 N. Y. Supp. 1105; Manley v. Scott, 29 L. R. A. (N. S.) 652; Board of Com'rs of Pulaski Co. v. Shields, 29 N. E. Rep. 385.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

Plaintiff sued the defendant county upon a written contract of employment dated December 23, 1911, and made between him and the county commissioners. By it he agreed to furnish the plans, designs, drawings, specifications and descriptions for, and to supervise, inspect and report upon the construction of part of a certain county road; in consideration of which he was to receive six per cent. of the entire cost of construction. He averred his readiness and willingness to proceed under the contract; that it was revoked on January 25, 1912, by a later board of county commissioners, who selected another engineer in his place; and that the road was built at an expense of $129,226.31. He claimed to recover the contract consideration of six per cent. of that sum.

The affidavits of defense, while perhaps not as definite as they might be, aver in substance that the contract was not made in the manner provided by law; that the plans and specifications for said work, prepared by plaintiff and one Harry Myers, were so drawn as to result to the serious prejudice of the county and in favor of the contractors; that no work was done thereunder, but on the contrary they were "rescinded and reformed" by decree of court; that for those reasons plaintiff's contract was revoked; that plaintiff was paid in full for all he did; and that he unlawfully conspired with the then county commissioners, whose terms of office would expire in a few days, to obtain the con-

tract in suit, for which there was then no necessity, in order to tie the hands of the incoming board of county commissioners and prevent them from selecting an engineer in whom they had confidence; knowing at the time that all the work which was to be done under the contract would be performed after the new board came into office, and that performance of the above-mentioned prejudicial agreement with the contractors was sought to be restrained by injunction.

In determining whether an affidavit of defense is sufficient to prevent summary judgment, a few procedural rules, applicable entirely aside from statutory provisions, are to be steadily borne in mind.

1. Ordinarily an affidavit of defense is to be taken most strongly against him who makes it, for the reason that having the field to himself he must be presumed to have garnered therefrom all that is beneficial to him.

2. But that rule is not to be extended beyond its reason and spirit, and hence if the suit is against one acting in a representative capacity, upon a cause of action regarding which he has no personal knowledge, the affidavit is not to be critically scanned, but only carefully enough to determine whether or not a valid defense is fairly stated. This is necessary for the protection of the estates of those who would be required to speak clearly were they here, but by reason of death cannot speak at all.

3. The same modification of the rule is applicable where the suit is against the public and is defended by officials who have succeeded those with whom the alleged contract was made. The contract not having been made with them or with any one acting for them, they should not be held to the same strictness as if they, or those acting for them, had made the contract.

Moreover, the court cannot blind its eyes to the fact that, in public and private life alike, an official or agent, whose term of service is about to expire, might be tempted to favor his friends and retainers at the expense of

his principal.   Because thereof, public policy requires that the courts, in furtherance of public and private honesty and fair dealing, shall apply such procedural rules as will prevent or limit summary recovery upon agreements which possibly may result from yielding to such temptation.    Publicity discourages temptation, and hence statutes usually do not require public corporations to file affidavits of defense, and for a like reason the courts do not require the utmost strictness in such affidavits when the language of the statute is general, and does not specify the requisites of the affidavit.

4. After all the applicable procedural rules have been given due effect, if it is still not clear that plaintiff is entitled to summary judgment, the rule must be discharged, and the case remitted for trial, that under examination and cross-examination in the presence of the court the exact truth may be laid bare: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Wilson v. Bryn Mawr Trust Co., 225 Pa. 143.   Those cases in terms apply only to appeals from a refusal to enter a judgment for want of a sufficient affidavit of defense, but the principle underlying them is the same principle as sustains the rules of court and acts of assembly allowing judgments for want of sufficient affidavits of defense, viz: if it clearly appears that a defendant has no real defense to plaintiff's claim, his constitutional right to a trial by jury has no applicability to that proceeding.

Tested by the above rules, we are of opinion that the judgment below is erroneous.   The contract was made by the county commissioners but a few days preceding their retirement from office and the induction of their successors, and related to work, all of which was to be performed after they had ceased to be public officials. As the record now is, it is barren of any explanation of that material fact.   It is a mistake to suppose that, because a public official, or indeed any other agent for a known limited term, has power to make a contract, he is authorized thereby to make one for an indefinite or

long extended term.   If the agency itself does not expressly limit the extent of the agent's power, then the facts and circumstances of each case must be considered in determining it.   Ordinarily it is limited in time to the term of the agent who makes it.   Necessity, or its equivalent of great advantage to the principal, may furnish a reason for enlargement beyond the term, but he who asserts the existence of the necessity of great benefit has the burden of proving it.   This is particularly true of public officials, else those going out of. office might so tie the hands of those coming in as to cause serious embarrassment and loss to the public.   Every one would concede, for instance, that an outgoing board of county commissioners might well contract for the coal needed in the county offices during the existing or ensuing winter, although their terms ceased on the first of January; and every one would likewise concede that their contract for coal to cover a decade would ordinarily be wholly beyond their powers.

Neither Section 11 of the Act of 11th May, 1909, P. L. 506, nor any other act of which we have knowledge, in any way affects the rule stated.   The Act of 1909 simply says that "for the purpose of performing all necessary duties relating to the construction, improvement and repair of public highways......the said county commissioners......are hereby authorized to employ or appoint proper persons to prepare such surveys, plans and estimates, and do all necessary and proper work connected therewith, and shall fix the compensation of all persons so employed."   But they are not "performing ......necessary duties" when they unnecessarily appoint some one to perform work beyond their term.   In the light of that statute the case is squarely within the principle laid down in 1 Mechem on Agency (2d Ed.) Sec. 707, that "Parties dealing with an agent known by them to be acting only under an express grant, whether the authority be general or special, are bound to take notice of the nature and extent of the authority con-

ferred. They must be regarded as dealing with that grant before them, and are bound at their peril to notice the limitations thereto prescribed either by its own terms or by construction of law."

Moreover, as we cannot agree with appellee that the construction of a public road is a business as distinguished from a governmental function of the county, the decision in McCormick v. Hanover Township, 246 Pa. 169, is applicable and controlling. In that case the supervisors of a township employed an attorney to represent it, the employment to commence at a period subsequent to the expiration of the existing term of the board. We held that as the employment at that time was unnecessary, evidently intended to tie the hands of the incoming board of supervisors, it was ultra vires and void. In the present case the lack of necessity and the purpose to tie the hands of the incoming board of county commissioners, are each expressly averred in the affidavits of defense; and those averments, on a rule for judgment for want of a sufficient affidavit of defense, must be taken as true.

Since Western Savings Fund Society of Philadelphia v. Philadelphia, 31 Pa. 185, we have steadily held to the principle that in determining the distinction between the governmental and business functions of a public body, "regard should be had, not so much to the nature and character of the various powers conferred, as to the object and purpose of the legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, political or municipal character. But if the grant was for purposes of private advantage or emolument, though the public may derive a common benefit therefrom, the corporation, quod hoc, is to be regarded as a private company. It stands on the same footing as would any individual, or body of persons, upon whom like special franchises had been conferred." So far as we know it has not until now been doubted that the opening of streets is a public

duty within the first of the classes named, and concerning it we have no doubt even now.

The above stated conclusion obviates the necessity for considering any other defenses the county may have.

The judgment is reversed and a procedendo awarded.