## Light et al., Appellants, *v.* Lebanon County.

*Counties — Employment of special counsel — Maxims — Act of May 22, 1895, P. L. 101.*

1. Under the Act of May 22, 1895, P. L. 101, the employment of special counsel by county commissioners to assist the county solicitor is not to be freely indulged in, but such employment is proper where the conditions are unusual and exceptional, and where there is a real requirement for professional skill and knowledge.

2. Employment of special counsel to assist the county solicitor is proper where a county has increased the assessment of mineral land over $100,000,000, where the owners of the land have employed eminent counsel to resist the assessment, and difficult legal questions are involved in the litigation.

3. Such a contract is not void because by its terms it extended beyond the term of office of the commissioners who entered into it, where it appears that it was made at the beginning of the

term of such commissioners, that under ordinary circumstances it would not have extended beyond their terms of office, and there was no purpose to bind the hands of future commissioners.

Argued January 31, 1928.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 146, Jan. T., 1928, by plaintiffs, from judgment of C. P. Lebanon Co., Dec. T., 1925, No. 207, for defendant n. o. v., in case of S. P. Light and Hampton L. Carson v. Lebanon County.  Reversed.

Assumpsit on a written contract for legal services. Before HENRY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,857.81.  Judgment for defendant n. o. v.  Plaintiffs appealed.

*Error assigned,* inter alia, was judgment n. o. v., quoting record.

*Walter C. Graeff,* for appellants.—This case is ruled by Com. v. Jones, 275 Pa. 298.

*A. H. Ehrgood,* County Solicitor, for appellee, cited: Bechtel v. Fry, 217 Pa. 591; McCormick v. Twp., 246 Pa. 169; Moore v. County, 262 Pa. 216; Thompson's App., 271 Pa. 225.

OPINION BY MR. JUSTICE FRAZER, March 12, 1928:

Plaintiffs sued for the value of legal services rendered to the County of Lebanon under a special contract of employment in connection with litigation involving increase of property assessments for taxing purposes. The trial judge directed a verdict in plaintiffs' favor for $5,857.81, it being conceded that if any sum was due plaintiffs this was the proper amount.  Judgment

was subsequently entered for defendant non obstante veredicto and plaintiffs appealed.

In 1919, the assessment on mineral land owned by the Bethlehem Steel Company, the Philadelphia and Reading Coal and Iron Company and persons referred to as the "Harper heirs," was increased over $100,000,000. Appeals were taken from these assessments and the county commissioners, feeling the circumstances and the amount involved were such as to justify employment of additional counsel to assist the county solicitor, adopted a resolution appointing S. P. Light, Esq., one of plaintiffs, as special counsel with power to select an associate for that purpose, provided that, upon such selection, a contract in writing should be entered into between the county commissioners and Light and his associate relating to the conduct of the proceedings and payment of proper compensation for their services. Pursuant thereto Light arranged to secure the services of Hampton L. Carson, Esq., and subsequently a contract was drawn between the commissioners and these two counsel, dated January 21, 1920, in which the litigation concerning the increased tax assessment was referred to, and providing for securing the services of plaintiffs "in assisting the county solicitor" in the conduct of the litigation to final adjustment or adjudication whether in or out of court, and providing a retaining fee and further fees payable upon settlements being affected and depending in part upon the increased assessment as finally fixed. While the contract contained a provision that it should "extend to and be binding upon the board of county commissioners of Lebanon County and their successors in office," it is evident from the nature of the proceedings that it was impossible to determine the duration of the litigation. It appears from the opinion of the court below, however, that in the ordinary course of the disposition of the trial lists of Lebanon County, a case should be heard within six months from the time of bringing suit. The contract was executed

by the commissioners who took office a few weeks before its date. At the time the contract was made, it accordingly appeared that the nature of employment was such that it would probably not extend beyond the term of office of the commissioners who entered into the agreement, but that, in the usual course of events, the services would be completed long before the expiration of such term. However, while part of the assessments were settled and adjusted during that time, negotiations as to others were extended for a period of over four years, and beyond the term of office of the commissioners who executed the agreement. Upon the induction into office of new commissioners following the expiration of the term of those who made the contract, plaintiffs were notified that the contract employing them as special counsel was terminated because "not binding upon the present board of county commissioners." Claim was then made by plaintiffs for payment for services performed up to that time.

The first question involves the right of the commissioners to employ special counsel to assist the county solicitor. The Act of May 22, 1895, P. L. 101, authorizes the appointment of a county solicitor and imposes upon him the duty of prosecuting and defending all suits or actions of any kind brought by or against the county. In Bechtel v. Fry, 217 Pa. 591, it was held that, since the act had designated a salaried officer to conduct the legal affairs of the county the commissioners were without authority to employ other counsel either to take his place or to act as his assistant generally, and that, if employment of special counsel be permissible in any case, to assist county solicitors to perform acts which such officer was expressly bound to perform under the provisions of the Act of 1895, it was solely in specific matters to be distinctly pointed out, and only in case a contract was duly entered into before the services were rendered, specifically designating the services to be rendered and the compensation to be paid therefor. In

the more recent case of Commonwealth v. Jones, 275 Pa. 298, it was suggested that employment of special counsel by county commissioners to assist the county solicitor is not to be freely indulged in, and should never be done save under conditions which are unusual and exceptional and where there is a real requirement for additional professional skill and knowledge. In that case, the particular matter for which special counsel were employed related to alterations and additions to the county courthouse and providing a bond issue to pay for the same and to meet the cost of highway improvements, involving in all an expenditure of $4,000,-000. The court below found the condition was "unusual and exceptional" and presented "extraordinary circumstances" which fairly called for the services and assistance of additional counsel of recognized experience and ability in such matters. This conclusion was affirmed.

In the present case there was involved an increase in property assessment values of over $100,000,000. The corporations and persons whose property was the subject of the increased assessment had retained eminent counsel to resist the new appraisement. The question involved was the proper method of assessing coal property for purposes of taxation which demanded inquiry involving expert testimony of mining engineers and whether and to what extent the county might enter on the land in question to secure proper information. Should the assessments be sustained, the result would be largely increased valuation of property, and consequently additional revenue from taxation. Under the circumstances, and in view of earlier decisions of this court above referred to, we are of opinion the conditions presented were of such unusual and exceptional character as to justify the county commissioners in securing the services of other counsel to assist the county solicitor.

The principal and final contention of the county, and the basis of the conclusion of the court below, is that the contract is void because, by its terms, it extended beyond

the term of office of the commissioners who entered into it.  In reaching this conclusion, the court relied upon McCormick v. Hanover Twp., 246 Pa. 169, and Moore v. Luzerne Co., 262 Pa. 216.  In the former case a contract was made between the supervisors of a township and an attorney for legal services to be rendered by the attorney beginning after the commencement of a new year, at which time a succeeding board would take office.  This action was held invalid as an attempt by outgoing supervisors to deprive their successors of the right to choose their own legal assistants.  That case was a clear attempt by a retiring board to bind a succeeding one on a contract for services to be rendered wholly to the incoming board without necessity or circumstances demanding immediate action.  This clearly appears from the opinion (page 175) where it is said: "So far as appears, there was nothing in the situation calling for haste or expedition in the selection of counsel.  Nor was there in anticipation anything that would require of counsel employed exceptional service.  So far as could be foreseen nothing out of the ordinary and usual business would call for counsel's assistance and service."

In Moore v. Luzerne County, supra, the contract was between an engineer and county commissioners for the construction of a county road.  It was made only a few days before the retirement of the commissioners then in office, and all required work was to be performed after the end of their term.  There were no facts in the case to indicate a necessity for immediate action in preparing the contract or to show it could not have been made as well at a later date by the succeeding board, under whose administration the work was to be done.  The judgment of the court below sustaining a claim for services performed under the contract, was entered for want of a sufficient affidavit of defense, which affidavit expressly averred lack of necessity for making the contract, and that the real purpose was to

bind the hands of the incoming board in awarding it. Under these circumstances we reversed the judgment of the court below, holding no necessity existed for the action taken by the retiring board.

In the present case we have a situation clearly distinguishable from the facts existing in the foregoing cases. The contract was made at the beginning of the term of the county commissioners and in the ordinary course of events would not have extended beyond their term of office. There was an immediate necessity for the contract for services which were to begin at once. Ordinarily the purpose of employment would have been completed long before the expiration of the term of the commissioners then in office. Under these circumstances it would not serve the ends of justice to strike down a contract entered into and performed in good faith, merely because it contained a formal clause to the effect that it should be binding on the board of county commissioners "and their successors in office." Such formal language might readily be referred to those who should succeed in event of a vacancy occurring, and, in recognition of the maxim that "All things are presumed to have been rightly done," we will not assume the commissioners intended to exceed their powers. But, be that as it may, the succeeding board chose not to be bound by the contract and gave notice of rescission and the claim here is merely for services rendered up to that time. This conclusion renders further discussion of the question unnecessary.

The judgment is reversed and judgment entered on the verdict for plaintiffs.