Miles Mahoney, David Gilmore, Thomas Stathis and Jon Steinberg, Appellants, v. Philadelphia Housing Authority, Appellee.

Argued April 4, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Michael Brodie,* with him *Pechner, Sacks, Dorfman, Rosen and Richardson,* for appellants.

*Harold Cramer,* for appellee.

OPINION BY JUDGE MENCER, June 5, 1974:

Plaintiffs in this assumpsit action are four former executive employes of the defendant, Philadelphia Housing Authority (PHA).[1] All four plaintiffs had entered into the employ of defendant without any written agreement or contract as to the terms of their employment.

---

[1] The Philadelphia Housing Authority is a public corporation and agency of the Commonwealth of Pennsylvania which was created pursuant to Section 10 of the Housing Authorities Law, Act of May 28, 1937, P. L. 955, *as amended,* 35 P.S. §1550.

Subsequently, the Board of Directors of PHA adopted a personnel policy dealing with "the establishment and administration of a merit system or personnel practices which shall treat all employees of the Philadelphia Housing Authority in a reasonable and equitable manner."

Essentially, as to the questions raised here, the disputed section of this "personnel policy" provided that dismissals should be given for cause, upon two weeks' prior notice stating reasons for the action, and that administrative personnel could appeal dismissals to a panel designated by the Board of Directors of PHA. Thereafter, all four plaintiffs were dismissed from the employment of PHA without compliance with the procedures mandated in the personnel policy.[2]

PHA timely filed preliminary objections, in the nature of a demurrer, to the complaint.[3] The Court of Common Pleas of Philadelphia County entered an order sustaining the preliminary objections and dismissing the complaint. This appeal followed and, on the authority of *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A. 2d 278 (1960), we affirm.

In *Scott* it was held that public authorities[4] have no power, unless conferred by statute, to enter into contracts of employment which prevent such authorities from dismissing employes at will. The *Scott* decision is precisely on point and controls here.

---

[2] The complaint also avers the following which must be deemed true for purpose of passing upon the preliminary objections in the nature of a demurrer. Each plaintiff faithfully and competently performed all duties assigned to him by PHA and there was no "just cause" for the dismissal of any of them.

[3] Plaintiffs requested damages in amounts equal to the sums which plaintiffs allege they would have earned had their employment with PHA not been terminated.

[4] The PHA is a public authority. *See Mitchell v. Chester Housing Authority,* 389 Pa. 314, 132 A. 2d 873 (1957).

The *Scott* court stated that "[t]enure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis, is, where it exists, a matter of legislative grace," *id.* at 154, 166 A. 2d at 281, and "where the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating," *id.* at 155, 166 A. 2d at 281.

A studied examination of the Housing Authorities Law, Act of May 28, 1937, P. L. 955, 35 P.S. §1541 et seq., discloses that this Act contains no legislative expression that housing authorities have the power to create tenure by contract, expressed or implied. Absent the existence of such specific legislative authority, employes of public authorities cannot maintain actions in assumpsit based on a breach of an alleged employment contract with a public authority. *Scott v. Philadelphia Parking Authority, supra.*

The plaintiffs' main thrust is that *Scott* is no longer expressive of the valid law of this Commonwealth because of (1) the enactment of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, *as amended,* 43 P.S. §1101.101 et seq., and (2) the recent decisions of the United States Supreme Court in *Board of Regents v. Roth,* 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972), and *Perry v. Sindermann,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972).

Suffice it to note that subsequent to the enactment of the Public Employe Relations Act, our Supreme Court decided *American Federation of State, County and Municipal Employees v. Shapp,* 443 Pa. 527, 280 A. 2d 375 (1971), wherein it cited *Scott v. Philadelphia Parking Authority, supra,* as authority, in support of its decision that State employes who obtained their jobs by politics have no Federal or State constitutionally protected right to their jobs. Therefore, we conclude that the holding of *Scott v. Philadelphia Parking Au-*

*thority, supra,* is still acceptable authority in this Commonwealth.

Concerning the two Federal cases relied on by plaintiffs, we conclude that *Perry v. Sindermann, supra,* is inapposite since it related to a teacher in a state college system who alleged that he had not been rehired because of his criticism of the college governing board's policies and that this was an infringement of his right of free speech under the First Amendment. Such a question is not present in the instant case. Although Sindermann also alleged that the board's failure to provide him an opportunity for a hearing violated the Fourteenth Amendment's guarantee of procedural due process, the Supreme Court held that such a right only exists where a state-employed teacher has a right to re-employment *under state law.* In the present case our state law, *Scott v. Philadelphia Parking Authority, supra,* provides no right in employes of public authorities to tenure or continued employment, they being employed only at will. Therefore, no right guaranteed by the Fourteenth Amendment to some form of prior hearing in the case of removal exists here because plaintiffs have no property interest, under Pennsylvania law, in continued employment.

Likewise, in *Board of Regents v. Roth, supra,* the Supreme Court held that "[p]roperty interests . . . are not created by the Constitution," but "[r]ather, they' are created and their dimensions are defined by existing rules or understandings that stem from an independent source *such as state law. . . ."* 408 U.S at 577. (Emphasis supplied.)

Since the availability of the Fourteenth Amendment right to an administrative hearing prior to discharge from a job turns in each case on the question of a property interest in the job under state law and the plaintiffs have no such property interest under the law of this Commonwealth, *Scott v. Philadelphia Parking Au-*

*thority, supra,* we must conclude that *Board of Regents v. Roth, supra,* and *Perry v. Sindermann, supra,* are not applicable here.

Order affirmed.