Steven ROSENBERG

v.

The REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA and Augustine A. Salvitti et al.

Civ. A. No. 76–266.

United States District Court, E. D. Pennsylvania.

March 4, 1977.

---

**6.** *Id.*, ¶ 4.

Joseph A. Caprara, Philadelphia, Pa., for plaintiff.

Peter A. Galante, Joseph M. Gindhart, Spencer M. Wertheimer, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Plaintiff, a former employee of the Redevelopment Authority of the City of Philadelphia who claims that he was forced to resign, brought this action to redress alleged deprivation of rights secured to him by the United States Constitution. His original complaint alleged deprivation of Fourteenth Amendment rights to procedural due process and equal protection together with violations of 42 U.S.C. § 1983. It also contained two pendent state claims, one for breach of his employment contract and one for libel. In his amended complaint, plaintiff has added an allegation that his First Amendment rights were violated.

The defendants in this case are the Redevelopment Authority of the City of Phila-

delphia (RDA) and its Executive Director, Augustine Salvitti. Presently before the court is defendants' motion for summary judgment. Jurisdiction has been alleged pursuant to 28 U.S.C. § 1343(3) & (4) and 28 U.S.C. § 1331.[1]

Plaintiff was hired by the RDA as Director of its Real Estate Department in September of 1972. He alleges that in February of 1974 he was forced to resign without a hearing and without cause. He claims that he was given no reason for being forced to resign and, alternatively, that he was forced to resign because of his political associations, affiliations and beliefs. Plaintiff further alleges that the personnel manual of the RDA in effect at the time of his resignation stated that RDA employees may be separated from their service only by lay off, reduction in force, resignation, retirement or discharge for cause.

■ In order for the due process clause to apply to plaintiff's termination of employment, he must have a property interest in his employment. In *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court held that a property interest in public employment is determined in accordance with state law. Although there is no Pennsylvania case holding that an employee of the RDA has a property interest in his employment, the decision in *Mahoney v. Philadelphia Housing Authority*, 13 Pa.Cmwlth. 243, 320 A.2d 459, *cert. denied*, 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1974), is a strong indication that under Pennsylvania law such an employee has no property interest in his job. In *Mahoney*, the issue was whether an employee of the Philadelphia Housing Authority had a property right in his employment. The court held that public authorities have no power, unless conferred by statute, to enter contracts of employment preventing such authorities from dismissing employees at will and found that the enabling act creating the Philadelphia Housing Authority conferred no such power.

In *Banks v. RDA*, 416 F.Supp. 72 (E.D.Pa. 1976), in a situation similar to the present case, my learned colleague Judge Cahn found that a dismissed RDA employee had not been deprived of either due process or equal protection. His well-reasoned opinion pointed out that "Pennsylvania courts would hold that RDA employees . . . are employees at will." *Id.* at 74. We agree that the Urban Redevelopment Law, 35 P.S. § 1701 *et seq.*, creating the RDA, confers no power upon the RDA to create such a property right. Thus viewing plaintiff's factual allegations in their most favorable light, we hold that defendants are entitled to summary judgment in connection with plaintiff's due process allegation.

■ Plaintiff also claims that he was forced to resign because of his political associations, affiliations and beliefs in violation of his First Amendment rights. The controlling question is whether plaintiff was a "policymaking" employee; if he was, First Amendment protection is not available to him in this situation. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Illinois State Employees' Union Council 34 v. Lewis*, 473 F.2d 561 (7th Cir. 1972). In determining whether plaintiff was a policymaking employee, we are guided by *Elrod v. Burns* in which the Supreme Court stated:

No clear line can be drawn between policymaking and nonpolicymaking positions. While nonpolicymaking individuals usually have limited responsibility, that is not to say that one with a number of responsibilities is necessarily in a policymaking position. The nature of the responsibilities is critical. Employee supervisors, for example, may have many responsibilities, but those responsibilities may have only limited and well-defined objectives. An employee with responsibilities that are not well defined or are of broad scope more likely functions in a policymaking position. In determining whether an employee occupies a policymaking position, consideration should also

---

1. In view of our disposition of this case, we do not find it necessary to restate this court's position concerning jurisdiction over municipalities pursuant to 28 U.S.C. § 1331.

be given to whether the employee acts as an adviser or formulates plans for the implementation of broad goals.

*Elrod v. Burns, supra,* 96 S.Ct. at 2687.

With his motion for summary judgment, defendant Salvitti filed an affidavit attesting to plaintiff's responsibilities as an employee of the RDA and accompanied by a job description. In response, plaintiff filed a counteraffidavit also attesting to his duties as Director of the Real Estate Department.[2] Review of these affidavits shows that there is no genuine issue as to any material fact. Rule 56(c) of the Federal Rules of Civil Procedure provides in part that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In addition, rule 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ The affidavits filed by the parties leave uncontroverted the policymaking nature of plaintiff's responsibilities. The pleadings and the affidavits make it clear that there is no genuine issue as to any material fact. The job description classifies plaintiff's position as "Director of Real Estate" and lists examples of his duties among which is "assist[ing] in policy determination and interpretation as related to real estate matters." The affidavits are consistent in pointing out that plaintiff was directly involved in the formulation of the policies of the RDA as related to real estate matters.

Since it is apparent that plaintiff was a policymaking employee, First Amendment protection is not available to him in connection with his claim that he was forced to resign because of his political associations, affiliations and beliefs.

■ Plaintiff also claims that defendants have denied him equal protection of the laws as guaranteed by the Fourteenth Amendment. Concerning this issue, the complaint alleges that

> [b]y terminating plaintiff's employment without prior notice of reason or cause therefore as described above, plaintiff was discriminated against and denied equal protection of the laws, guaranteed by the Fourteenth Amendment, in that he was treated in a manner different from his co-employees without reasonable or legal purpose of [*sic*] justification.

It is difficult to discern the precise nature of plaintiff's equal protection claim. Only two variations seem plausible based on the facts set forth in the complaint and the phrasing of this allegation. First, plaintiff may believe that he was discriminated against in that he was not afforded notice of and/or reason for his discharge while other employees were. This interpretation sounds in due process and lacks merit for the reasons discussed above in connection with plaintiff's due process claim. On the other hand, plaintiff may be claiming that he was discriminated against because of his political associations, affiliations and beliefs. The essence of such an allegation restates his claim of a First Amendment violation, which claim is likewise without merit for the reasons heretofore discussed. Thus, this court finds that on this record there has been no equal protection violation.

■ Having determined that defendants are entitled to summary judgment in connection with plaintiff's alleged constitutional violations, we must consider whether we should retain jurisdiction to hear the pendent claims of the plaintiff which allege violations of state law. The standard by

---

2. A hearing on defendants' motion for summary judgment was held on February 24, 1977, at which time plaintiff was permitted to file this counteraffidavit.

which we are guided is set forth as follows by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. (footnotes deleted)

*See Broderick v. Associated Hospital Service of Philadelphia*, 3 Cir., 536 F.2d 1, 8 n.25. We shall therefore decline to exercise jurisdiction over plaintiff's state law claims and shall grant summary judgment for the defendants by entry of the attached Order.

### ORDER

AND NOW, to wit, this 4th day of March, 1977, upon consideration of the defendants' motion for summary judgment, and the plaintiff's opposition thereto, it is hereby ORDERED and DECREED that said motion is GRANTED and judgment is entered for the defendants, the Redevelopment Authority of the City of Philadelphia and Augustine Salvitti, and against the plaintiff, Steven Rosenberg; inasmuch as the Court has declined to exercise its pendent jurisdiction in connection with the state law claims of the plaintiff, plaintiff's third and fourth causes of action are DISMISSED without prejudice.