Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board *v.* Franklin Township Municipal Sanitary Authority.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board *v.* Utility Workers Union of America, AFL-CIO and Glenn Thomas.

Franklin Township Municipal Sanitary Authority, Appellant.

Argued October 30, 1978, before Judges WILKIN-
SON, JR., ROGERS and MACPHAIL, sitting as a panel of
three.

*A. C. Coney, Jr.,* with him *Kirkpatrick, Lockhart, Johnson & Hutchinson; Christ. C. Walthour, Jr.,* and *Kunkle, Walthour and Garland,* for appellant.

*Raymond W. Cromer,* with him *James L. Crawford,* and *James F. Allmendinger,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 5, 1978:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County affirming an order of the Pennsylvania Labor Relations Board (PLRB) directing the Franklin Township Municipal Sanitary Authority (appellant) to submit the issue of the dismissal of an employee who is a member of the bargaining unit to binding arbitration pursuant to the terms of the collective bargaining agreement. We affirm.

The facts relate to the dismissal of a maintenance worker and the subsequent efforts of the Utility Workers Union of America, AFL-CIO (union) to have the dismissal processed through the grievance procedure outlined in the collective bargaining agreement, the final step of which is binding arbitration.[1] The appellant agreed to "meet and discuss" the issue with the union, but not to submit the issue to binding arbi-

---

[1] The agreement defines a grievance as "a dispute concerning the interpretation, application or alleged violation of a specific term or provision of this Agreement." Section 1 of Article II of the agreement provides, "Except as expressly limited by relevant statutes and codes . . . and reserving unto the Authority any and all management rights which by law may not be bargainable, the Authority shall have . . . the right to . . . discharge for cause. . . ."

tration. The union then filed an unfair labor practices charge with the PLRB. Following a hearing, the PLRB issued a nisi decision and order finding the appellant had committed an unfair labor practice in violation of Section 1201(a)(5) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201(a)(5), and directing the appellant to submit the issue of the propriety of the dismissal to binding arbitration.

Throughout the proceedings, appellant has maintained that it lacks the power to bind itself in a collective bargaining agreement to submit the question of the propriety of a dismissal of an employee to binding arbitration by reason of Section 703 of the PERA, 43 P.S. §1101.703, when read in conjunction with Section 4(B)(g) and (j) of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306(B)(g) and (j). Section 703 of the PERA provides, in pertinent part, "The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly. . . ." Subsection (B)(g) and (j) of Section 4 have been interpreted by our Supreme Court to mean that public authorities have no power, absent a grant of the legislature, to enter into contracts of employment which would prevent such authorities from dismissing employees at will. *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960) ; *see also, Mahoney v. Philadelphia Housing Authority,* 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974) (allocatur refused), *cert. denied,* 419 U.S. 1122 (1975). In *Mahoney, supra,* this Court specifically rejected the notion that the enactment of PERA changed the law

with respect to the powers of municipal authorities rendered in *Scott, supra.* However, *Mahoney* did not deal with employees who were members of a bargaining unit, but rather dealt with employee property rights in continued employment.

Thus, the narrow issue for resolution in this case is whether the legislature through the PERA granted authorities the power to enter into a collective bargaining agreement that would subject its otherwise exclusive power to dismiss employees at will to the scrutiny of an arbitrator.

Regarding the limitation of Section 703 to the collective bargaining process, Justice Nix, wrote for the majority in *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 509-10, 337 A.2d 262, 269 (1975) that this section, "merely prevents a term of the collective bargaining agreement from being in violation of existing law. If, however, the General Assembly mandates a particular responsibility to be discharged by the [school] board and the board alone then the matter is removed from bargaining. . . ." (Citations omitted.) Further, in deciding this question, other provisions of the PERA are of particular importance because the PERA itself has altered what has previously been in the exclusive control of public bodies and altered the traditional concepts of managerial prerogatives in the public sector. *See Board of Education v. Philadelphia Federation of Teachers Local No. 3,* 464 Pa. 92, 346 A.2d 35 (1975). Thus, Justice Roberts, speaking for the Court in *Milberry v. Board of Education,* 467 Pa. 79, 82, 354 A.2d 559, 561 (1976) stated, "The statutory prohibition [of Section 703] in PERA applies only when the particular provision 'would be in violation of, or inconsistent with, or in conflict with' a statutory directive. Section 703 must be considered in light of PERA as a

whole, which embodies a strong policy in favor of arbitrating disputes.'' Appellant suggests this case must be distinguished because those cases involve public school districts and alleged inconsistencies between the collective bargaining agreement and the Public School Code of 1949.[2] However, it has proffered no reason for this distinction, nor are we able to perceive one.

Clearly there is no statutory directive in the Municipal Authorities Act of 1945 expressly commanding that the authorities and authorities alone exercise the power to appoint and dismiss employees at will unfettered by a review of arbitration under a PERA contract. Subsection (B)(g) of the Municipality Authorities Act of 1945 merely grants to authorities the power to "appoint officers, agents, employees, and servants, to prescribe their duties and to fix their compensation,'' while subsection (B)(j) grants authorities the power to "make contracts of every name and nature and to execute all instruments necessary or convenient for the carrying on of its business.'' On the other hand, the PERA clearly contemplates that public employers may agree in a collective bargaining agreement to limit its otherwise unfettered power to dismiss employees at will. *See State College Area School District, supra.* Further, Section 903 of the PERA, 43 P.S. §1101.903, provides for the mandatory arbitration of disputes arising out of a collective bargaining agreement.

Accordingly, we will enter the following

## Order

And Now, December 5, 1978, the order of the Court of Common Pleas of Westmoreland County, No. 383 of 1976, dated November 17, 1977, is hereby affirmed.

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

DISSENTING OPINION BY JUDGE MacPHAIL:

I respectfully dissent. I believe that the issues in this case are governed by the decisions in *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960) and *Mahoney v. Philadelphia Housing Authority,* 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974), (allocatur refused), *cert. denied,* 419 U.S. 1122 (1975).

Accordingly, I would reverse the Court of Common Pleas of Westmoreland County and vacate the order of the Pennsylvania Labor Relations Board.