618 A.2d 1188

**Francis J. BOLDUC, Appellant,**

v.

**BOARD OF SUPERVISORS OF LOWER PAXTON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Dec. 17, 1992.

Petition For Allowance of Appeal Denied May 17, 1993.

---

250

[redacted]

James L. McAneny, for appellant.

Girard E. Rickards, for appellee.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Francis J. Bolduc (Bolduc) appeals from the April 15, 1992 order of the Court of Common Pleas of Dauphin County sustaining the preliminary objections of the Board of Supervisors of Lower Paxton Township (Supervisors) and dismissing his complaint seeking damages for breach of an employment contract.[1] The issue raised on appeal is whether the employment contract between the Township and Bolduc is void and unenforceable.

Bolduc was employed as manager of the Township from October 1987 to the end of 1989 at which time he accepted a voluntary reclassification to the part-time position of special projects administrator at a salary of $30,000 per year plus health care benefits and life insurance. At an executive session held on March 11, 1991, the Supervisors decided to continue Bolduc in the employment of the Township until December 31, 1991 and issued a written memorandum confirming the decision. However, in April 1991, the Township advised Bolduc that he would be dismissed unless he agreed to relinquish his health care benefits. Bolduc refused to accept the condition and as a result, the Township terminated his employment effective May 9, 1991. Bolduc filed an action against the Supervisors alleging breach of the employment contract by the Township.

The Supervisors filed preliminary objections in the nature of a demurrer contending that the employment contract is void and unenforceable because public employees in Pennsylvania are subject to summary dismissal and the Township therefore lacked the authority to grant Bolduc guaranteed employment for a fixed term; and that his claims are barred by the doctrine of collateral estoppel because the federal district court previously dismissed Bolduc's lawsuit filed in that court which was based upon the same contract.

1. Bolduc named the Board of Supervisors rather than the Township as defendant in his action in violation of Pa.R.C.P. No. 2102(b) which provides that "[a]n action shall be brought by or against a political subdivision in its name." Because this Court affirms the trial court, it is unnecessary to discuss the Supervisors' contention that the complaint should be stricken for Bolduc's noncompliance with this rule.

The trial court sustained the Supervisors' preliminary objections, concluding that the employment contract represented an act ultra vires and is therefore void and unenforceable.[2]

It is well settled that a demurrer will be sustained when it appears, with certainty, that the law permits no recovery under the allegations pleaded. *Gallagher v. City of Philadelphia*, 142 Pa.Commonwealth Ct. 487, 597 A.2d 747 (1991). In Pennsylvania, public employees are employees-at-will and subject to summary dismissal unless the legislature has explicitly conferred tenure as an integral part of a comprehensive governmental employment scheme. *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960); *Pivarnik v. Department of Transportation*, 82 Pa.Commonwealth Ct. 42, 474 A.2d 732 (1984); *Cooley v. Pennsylvania Housing Finance Agency*, 830 F.2d 469 (3d Cir.1987). Therefore, public employers do not have power, unless conferred by statute, to enter into employment contracts which prevent them from summarily dismissing their employees at will. *Scott; Mahoney v. Philadelphia Housing Authority*, 13

2. The trial court did not rule on the Supervisors' contention that Bolduc's claims are barred by the doctrine of collateral estoppel. In a complaint previously filed in the United States District Court for the Middle District of Pennsylvania, Bolduc alleged a claim under 42 U.S.C. § 1983 and state claims for a writ of mandamus and damages for breach of an employment contract. The court dismissed the Section 1983 claim on the basis that Bolduc did not have constitutionally protected property interests in the contract under Pennsylvania law. The court also dismissed the pendent state claims for lack of a basis for retaining jurisdiction over those claims.

The doctrine of collateral estoppel or issue preclusion applies if (1) the issue decided in the prior action is identical to one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party in the prior action and had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the determination in the prior proceeding was essential to the judgment. *Ralston Hunting Club v. Sourbeer*, 148 Pa.Commonwealth Ct. 522, 611 A.2d 1362 (1992). The federal action was based upon the same employment contract and the identical issue of its validity was decided by the court in its final judgment. Further, that issue was essential to the court's determination and actually litigated on the Supervisors' motion to dismiss. Therefore, all of the requirements for application of the doctrine have been met. However, since the court did not decide the viability of Bolduc's state claims, this Court will address the merits of his appeal.

Pa.Commonwealth Ct. 243, 320 A.2d 459 (1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1975).

Moreover, "[t]enure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis, is, where it exists, a matter of legislative grace." *Scott,* 402 Pa. at 154, 166 A.2d at 281. Examples of legislation which explicitly confer tenure to public employees are the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1002; and Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702. In *Scott,* the Pennsylvania Supreme Court examined the Philadelphia Parking Authority's enabling legislation, the Parking Authority Law, Act of June 5, 1947, P.L. 458, *as amended,* 53 P.S. §§ 341–356, and concluded that the broad general powers granted the Authority to carry out its purpose and to make contracts of every name and nature do not include the power to contract away the right of summary dismissal as the power to confer tenure by contract must be expressly set forth in the enabling legislation.

■ To decide the validity of Bolduc's employment contract, it is necessary to examine the powers granted to the Township by The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–67201, to determine whether the Code expressly grants the power to confer tenure to employees. Section 702, 53 P.S. § 65702, authorizes supervisors to exercise corporate powers of a township. A township "may make contracts for lawful purposes and for the purpose of carrying into execution the provisions of [the Code] and the laws of the Commonwealth." Section 801, 53 P.S. § 65801. Further, supervisors have powers to "[e]mploy or hire such persons, as may be necessary for the general conduct of the business of the township." Section 516(e) of the Code, 53 P.S. § 65516(e).

The general powers granted to the Township by the Code are similar to those enumerated in the enabling legislation involved in *Scott.* Accordingly, the Township acted beyond its power by entering into the employment contract with Bolduc and contracting away the right to summarily dismiss an

employee. Hence, the contract is void and unenforceable in its entirety and Bolduc may not maintain an action for damages based upon a breach of that contract. *Falls Township v. McManamon,* 113 Pa.Commonwealth Ct. 504, 537 A.2d 946 (1988).

Bolduc nonetheless contends that the principle enunciated in *Scott* is no longer controlling because subsequent legislation, Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301, grants municipalities the authority to contract away their power to summarily dismiss employees. However, the Pennsylvania Supreme Court held in *American Federation of State, County & Municipal Employees v. Shapp,* 443 Pa. 527, 280 A.2d 375 (1971), relying on *Scott,* that public employees who do not fall within the provisions or protection of the PERA or other specific legislation take their job subject to the possibility of summary removal by public employers; and in *Mahoney,* this Court also rejected the notion that *Scott* is no longer valid law due to enactment of the PERA. It should be emphasized that, although a public employer may agree in a collective bargaining agreement to limit its otherwise unfettered power to summarily dismiss members of a collective bargaining unit,[3] this case does not involve a collective bargaining agreement.

Finally, Bolduc contends that even if the employment contract is void and unenforceable, the Supervisors should be estopped from asserting the illegality of the contract to prevent an unconscionable result. Bolduc alleged in his complaint that he deferred his search for a retirement home in justifiable reliance upon the contract. To apply the doctrine of equitable estoppel against a governmental agency, it must have intentionally or negligently misrepresented some material fact and induced a party to act to his or her detriment, knowing or having reason to know the other party will justifiably rely on the misrepresentation. *Foster v. Westmoreland*

**3.** *See Pennsylvania Labor Relations Board v. Franklin Township Municipal Sanitary Authority,* 39 Pa.Commonwealth Ct. 10, 395 A.2d 606 (1978).

*Casualty Co.*, 145 Pa.Commonwealth Ct. 638, 604 A.2d 1131 (1992). It is clear that, on its face, Bolduc's allegation of justifiable reliance does not establish necessary elements of the doctrine. More importantly, however, Bolduc did not raise this theory of recovery at any time prior to his appeal to this Court and thus may not be accorded relief in this appeal on the basis of equitable estoppel. Pa.R.A.P. 302(a); *Morgan v. Sbarbaro*, 307 Pa.Superior Ct. 308, 453 A.2d 598 (1982). The order of the trial court is affirmed.

## ORDER

AND NOW, this 17th day of December, 1992, the order of the Court of Common Pleas of Dauphin County dated April 15, 1992 is affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent. Preliminarily, I agree with the trial court that this action is not barred by collateral estoppel. As the trial court noted:

> The [federal] court's decision ... concluded that there was no constitutionally protected property interest in the subject contract for employment. While the underlying facts are identical, the federal § 1983 cause of action proceeded on a constitutionally protected right rather than on the contract itself. Furthermore, the application of collateral estoppel requires that the facts be "actually litigated in the first cause." *Muhammad v. Strassburger*, 526 Pa. 541, 587 A.2d 1346 (1991), cert. denied, [—— U.S. ——] 112 S.Ct. 196 [116 L.Ed.2d 156].

Trial court opinion at 9, n. 1.

A review of Bolduc's complaint in the federal action reveals that in addition to his federal § 1983 action, Bolduc also pled state counts in mandamus and breach of contract. The federal judge, in dismissing the § 1983 claim, noted the following:

> In light of the law, plaintiff's federal cause of action must be dismissed for failure to state a claim upon which relief can be granted and, lacking a basis for retaining jurisdiction

over the state law claims, the court will dismiss those as well. Bolduc is free, of course, to institute an action on those claims in state court, inasmuch as the statute of limitations has not expired and *this court makes no judgment upon their viability.*

*Bolduc v. Board of Supervisors of Lower Paxton Township,* Civil Action No. 1:CV–91–0749, filed August 26, 1991 at 5˙ (emphasis added, footnote omitted), Reproduced Record at 36a.

Therefore, Bolduc's pendent state claims were not "actually litigated" and are not now barred by the doctrine of collateral estoppel.

The majority, relying on *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960), finds that the contract was ultra vires as Bolduc could point to no specific authority, conferred by statute, which would allow the township to enter into employment contracts preventing the township from terminating its employees at will. Although *Scott* is over thirty years old, I agree that we are still bound by its holding. I find, however, that the circumstances of *Scott* are distinguishable from those in the present case.

Prior to *Scott,* only contracts involving governmental functions and which extended beyond the terms of the elected officials entering into the contract were found to be ultra vires. *See, e.g., Moore v. Luzerne County,* 262 Pa. 216, 105 A. 94 (1918); *McCormick v. Hanover Township,* 246 Pa. 169, 92 A. 195 (1914); *Western Saving Fund Society v. City of Philadelphia,* 31 Pa. 185 (1858). In the present case, the contract did not purport to extend beyond the current terms of the board members.

In *Scott,* while the contract at issue purported to extend beyond the terms of the elected officials, our Supreme Court did not decide the case on that issue, stating that the primary issue was not "whether the instant contract is unenforceable as an attempt to bind the succeeding members of the Authority, but whether the making of the contract in the first place was beyond the power of the Authority and hence initially invalid. *Scott,* 402 Pa. at 154, 166 A.2d at 280.

The *Scott* court found that the broad grants of "necessary and convenient" powers to carry out the purposes of the Authority did not include the power to contract away the right of summary dismissal. The court was careful to note, however, that:

[W]e are not concerned with contracts for work on particular and specific projects being carried out by a governmental body which might necessitate the temporary services of some specialist.

*Id.* at 157, 166 A.2d at 282.

In stating this exception, the *Scott* court referred to prior cases as examples of what these "particular and specific projects" might be. An examination of the cited cases shows that they involved an attorney employed by the Attorney General for the specific purpose of pursuing an escheat case, *Beloff v. Margiotti,* 328 Pa. 432, 197 A. 223 (1938); employment of an attorney to assist a county solicitor in a tax assessment case, *Light v. Lebanon County,* 292 Pa. 494, 141 A. 291 (1928); employment of a contractor to design, supervise, inspect and report on the construction of a road project, *Moore;* and employment by a township of an attorney for a period of a year, *McCormick.*[1] Although the latter two contracts were found to be ultra vires for attempting to bind future boards, the contract in *Light* was found to be valid despite language in the contract which purported to bind the board and its successors.

Given these examples, I believe that the contract at issue in this case was for "particular and specific projects" for which the "temporary services of some specialist" were required. The trial court found that upon Bolduc's resignation as Township Manager on December 31, 1989, he accepted a new position as "Special Projects Administrator." According to the trial court, Bolduc's job consisted of "working three days per week on several specific items which had their inception

---

1. The services rendered by the attorney in *McCormick* consisted of "the trial of one negligence case against the township, and frequent consultations with reference to ordinary business...." *McCormick,* 246 Pa. at 177, 92 A. at 197.

under his tenure as township manager." Trial court opinion at 1.

This is not a situation similar to *Scott* where appellant had been hired not for any "particular and specific project," but rather had been hired on an annual basis and was responsible for the daily management and supervision of the Authority. Rather, Bolduc's employment to work on specific items was similar to that of the attorneys in *Beloff*, *Light* and *McCormick* and of the contractor in *Moore*.

I believe that "at will" employees of a public body may be contract employees so long as the contract duration is within the term of the elected executive and/or for special projects. The remedy for any breach by the public body must distinguish between tenure for the contract, which must yield to the greater public policy of "at will" employment, and the alternative of damages, which must be available to serve the appeal of qualified personnel in "at will" governmental positions as an equally desirable public policy.

Accordingly, I would find that the trial court erred in sustaining the board's preliminary objections and dismissing the case and would remand for further proceedings.