**Gerald J. SACCO, Appellant**

v.

**TOWNSHIP OF BUTLER.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2004.

Decided Dec. 14, 2004.

Richard J. Marusak, Hazleton, for appellant.

James D. Young, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Gerald J. Sacco (Sacco) appeals from an order of the Luzerne County Court of Common Pleas, which granted in part the motion for summary judgment filed by the Township of Butler (Township) and dismissed Count I of Sacco's complaint seeking damages for the Township's alleged breach of an employment contract. Sacco contends that the trial court erred or abused its discretion in holding that his action against a Second Class Township may not be sustained because the contract was void and unenforceable as a matter of law.

On December 8, 1994, Butler Township Manager James H. Patrick extended a written offer of employment to Sacco for the position of township public works fore-

man, which was authorized by three Township Supervisors and approved by resolution at their December 12, 1994 meeting. Sacco contended that he was offered a ten-year employment contract, which he accepted, to perform specified duties including the supervision and management of Road Department crews but not including the performance of Road Department labor. Sacco's July 1995 performance evaluation stated that he exceeded expectations in all categories, but by September 1995 Sacco was demoted to the position of working foreman, which required him to perform labor work and operate heavy equipment. He was stripped of his supervisory duties. Sacco was not licensed to perform some of the working foreman duties, and he resigned his position on September 22, 1995.

Sacco filed a complaint against the Township on February 2, 1999, alleging a breach of employment contract claim in Count I, interference with Sacco's ability to contract with other prospective employers in Count II and a punitive damages claim in Count III. The Township specifically denied that Sacco was offered a ten-year employment contract, and it thereafter filed a motion for summary judgment seeking dismissal of Counts I and II of Sacco's complaint. Sacco filed a motion for partial summary judgment in which he asserted that the doctrine of collateral estoppel applied to his action based on this Court's decision in unemployment proceedings captioned *Sacco v. Unemployment Compensation Board of Review* (Pa.

Cmwlth., No. 412 C.D. 1996, filed September 11, 1996).[1]

On November 20, 2001, the trial court denied Sacco's motion but granted the Township's motion in part, dismissing Count I. The court held that even if the Township entered into a ten-year contract with Sacco it was void and unenforceable. The court cited *Stumpp v. Stroudsburg Municipal Authority*, 540 Pa. 391, 394, 658 A.2d 333, 334 (1995), for the holding that Commonwealth authorities and agencies do "not have the power under law to enter into contracts of employment that contract away the right of summary dismissal, since the power to confer tenure must be expressly set forth in the enabling legislation." The court cited *Bolduc v. Board of Supervisors of Lower Paxton Township*, 152 Pa.Cmwlth. 248, 618 A.2d 1188 (1992), for the proposition that The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–68701, does not provide for employment contracts, and absent such a provision any alleged employment contract is void and unenforceable. The court denied Sacco's motion to amend the order to certify it for purposes of taking an interlocutory appeal. Sacco then filed a praecipe for discontinuance of Counts II and III and for entry of judgment in favor of the Township on Count I. Judgment was entered and this appeal followed.

This Court's review of a trial court's order granting or denying a motion for summary judgment is limited to determining whether the trial court committed an abuse of discretion or an error of law.

1. In 1996 Sacco's application for unemployment compensation benefits was denied. A subsequent appeal to this Court resulted in reversal. The Court determined the change in Sacco's position constituted an unreasonable substantial unilateral change in employment conditions and it held that he voluntarily quit his position for a cause of a necessitous and compelling nature. The trial court in the present appeal held that collateral estoppel did not apply because the factual findings in Sacco's unemployment compensation proceedings do not have preclusive effect in subsequent civil actions, citing *Rue v. K–Mart Corp.*, 552 Pa. 13, 713 A.2d 82 (1998).

*Fogarty v. Hemlock Farms Community Ass'n, Inc.*, 685 A.2d 241 (Pa.Cmwlth. 1996). Summary judgment is appropriate if "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa. R.C.P. No. 1035.2(2). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan*, 698 A.2d 1382 (Pa.Cmwlth.1997). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *Id.*

■ Sacco argues that a genuine issue of material fact exists and that a jury should determine whether an employment contract existed, rendering summary judgment inappropriate. He contends that *Stumpp* is not binding precedent and that the trial court erred in relying upon it because the issues involved were whether a public employee not protected by civil service or a collective bargaining agreement had the right to notice and a hearing before his dismissal and whether the employee had property rights for purposes of due process. Sacco states that those issues are not involved in this case.

The Township notes the general rule that all employees are at-will in Pennsylvania, *see Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); that public employees do not have tenure unless the legislature specifically confers that right, *see Stumpp*; *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960); and that Sacco's status was similar to that of all public employees not protected by civil service regulations or collective bargaining agreements, *i.e.*, he was subject to termination at any time for any reason or for no reason. *Id.* The Township asserts that because Sacco was an at-will employee he possessed no property rights in his employment with the Township, and it relies as well on *Bolduc*, where this Court held that The Second Class Township Code did not empower Lower Paxton Township to confer tenure on public employees, thus rendering the plaintiff's one-year employment contract void and unenforceable and his claim for breach of contract unsustainable.[2]

■ The Second Class Township Code, which was amended in 1995, unquestionably empowers municipalities to make employment decisions, but the code does not abrogate the at-will status of public employees. *Bolduc.* The Township correctly argues that Sacco possessed no

---

**2.** Section 1505 of The Second Class Township Code, 53 P.S. § 66505, provides that "corporate powers of townships shall be exercised by the board of supervisors." The board's authority is limited by Section 1506, 53 P.S. § 66506, which provides:

The board of supervisors may make and adopt any ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government, health and welfare of the township and its citizens, trade, commerce and manufacturers.

Section 607, 53 P.S. § 65607, provides in part that the Township may:

(3) Employ persons as may be necessary for the general conduct of the business of the township and provide for the compensation, organization and supervision of the persons so employed. Records shall be kept and reports made and filed giving the names of all persons employed, dates on which work was done and the number of hours worked with compensation paid to each person and the capacity in which employed.

property rights in his job, and assuming *arguendo* that the Township did enter into a ten-year employment contract with Sacco, no genuine issue of material fact exists because that contract is void and unenforceable as a matter of law. *Id.*[3] Accordingly, the trial court properly granted summary judgment to the Township, and the Court affirms.

## ORDER

AND NOW, this 14th day of December, 2004, the order of the Court of Common Pleas of Luzerne County is affirmed.

---

**3.** Sacco further argues that the equitable doctrine of *in pari delicto* precludes summary judgment. The doctrine states: "When the parties to a contract against public policy or otherwise illegal are not *in pari delicto,* or equally guilty, and when public policy is considered as advanced by allowing either, or at least the more excusable of the two, to sue, relief may be granted." *Peyton v. Margiotti,* 398 Pa. 86, 92, 156 A.2d 865, 868 (1959). The Township states that Sacco waived this issue by not raising it before the trial court. Pa. R.A.P. 302(a); *Dollar Bank v. Swartz,* 540 Pa. 369, 657 A.2d 1242 (1995). Alternatively, the doctrine may be applied against a governmental agency only when the agency intentionally or negligently misrepresented some material fact and induced a party to act to his or her detriment, knowing or having reason to know the other party would justifiably rely on the misrepresentation and no such misrepresentation occurred here. *See Bolduc.* The Court's review shows that Sacco did not raise this issue prior to his appeal to this Court. Therefore, his argument is waived.