Richard N. Wilt, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue and Milton Lopus, Secretary of Revenue, Commonwealth of Pennsylvania, Respondents.

Argued September 13, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR. and

Rogers, sitting as a panel of three. Judge Craig disqualified himself.

*Jay R. Braderman,* with him *Baskin and Sears,* for petitioner.

*Elisabeth S. Shuster,* Deputy Attorney General, with her *Norman J. Watkins,* Deputy Attorney General, Chief, Civil Litigation, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Rogers, October 23, 1979:

Richard N. Wilt filed a now amended petition for review in our original jurisdiction[1] naming the Commonwealth's Department of Revenue and Milton Lopus, the Secretary of Revenue, as respondents. Wilt avers that he became Director of the Bureau of Cigarette and Beverage Taxes in the Department of Revenue in April of 1976 and that he was dismissed from that position on December 15, 1977. He avers that his dismissal was not made in accordance with regulations of the Executive Board and a Governor's Office Management Directive requiring that dismissals of persons in his position be accomplished

---

[1] The original petition for review seemed to invoke both our appellate and original jurisdiction. It has been amended so as to invoke only the latter.

only with the prior approval of the Governor's Secretary of Personnel. He says that his dismissal did not have the prior approval of the Secretary of Personnel. For this cause, apparently meant to sound in mandamus, Wilt seeks reinstatement, back pay and other emoluments of his office.

Mr. Wilt also alleges in his petition for review that at or about the time of his dismissal the Respondents, the Department of Revenue and Secretary Lopus, released stories to the news media accusing him of mismanagement, incompetency and improper conduct, which accusations they knew or had reason to know were false. For this cause Mr. Wilt asks only that we make an order directing the Respondents publicly to apologize to him.

Mr. Wilt also asks for an order directing the Respondent Department of Revenue to reimburse him for his attorney's fees and costs.

The Respondents have filed a number of preliminary objections. We will deal only with those which still have relevance.

The Commonwealth, Department of Revenue, has filed a demurrer to all claims against it based on its sovereign immunity. In *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979), we held that Section 5110(a) of the Judicial Code, 42 Pa. C.S. §5110(a) effectively retroactively invoked the bar of sovereign immunity against the Commonwealth claims except in eight categories there described. The wrongs, if any, committed by the Respondent Commonwealth by the publication of stories concerning Mr. Wilt's conduct of his office are not of the kind described by the eight categories of waived claims. Therefore, the Commonwealth's demurrer with respect to this aspect of Mr. Wilt's petition for review must be sustained.

Mr. Lopus has filed a demurrer based on official immunity, claiming absolute immunity as a high public official pursuant to rules of law which existed before the Pennsylvania Supreme Court decided the case of *Dubree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978). In *Dubree,* the court said that in considering a public official's immunity courts must in each case consider, *inter alia,* what public policy would be promoted in shielding the defendant from liability. Therefore, Mr. Lopus, although he clearly under the old law would have had absolute immunity, no longer enjoys this status. We are unable on the record now before us to say whether any public policy would be promoted by holding Mr. Lopus to be immune. One reason for our inability to make a judgment is the lack of specificity of the petition for review concerning the nature of the alleged false accusations or the circumstances of their alleged utterance by Mr. Lopus. The Respondents have, however, also filed a motion for more specific pleading attacking the petition for review precisely on this point. The motion for more specific pleading is well taken; and we will grant it. In the meantime we overrule Mr. Lopus's preliminary objection in the nature of demurrer based on his asserted immunity; without prejudice, of course, to his renewal of that objection if a more specific amended complaint is filed.

Turning now to Mr. Wilt's assertion that he was dismissed without the Secretary of Personnel's prior approval as required by the regulations, and should be reinstated, it is clear that the Respondents' demurrer based on sovereign and official immunity must be overruled. Mr. Wilt's claim here is in the nature of mandamus—clearly the proper remedy of one who charges that he has been unlawfully ousted from a public position, including State office, and who seeks reinstatement. *Gernert v. Lindsay,* 2 Pa.

Commonwealth Ct. 576 (1971). It is proof against claims of sovereign and official immunity.

The Respondents additionally raise by demurrer the asserted ineffectiveness and lack of authorization for the regulations and gubernatorial directive invoked by Mr. Wilt as authority for the necessity for the approval of the Secretary of Personnel of his dismissal. The Executive Board regulation, 4 Pa. Code §38.2 (5 Pa. B. 3098), provides that non-civil service management level employees may be separated in accordance with policies and procedures established by the Governor's Office. Mr. Wilt avers the existence when he was dismissed of Governor's Office Management Directive 515.8, dated August 7, 1975, which declares that "non-civil service employees *will not be dismissed* without prior approval of the Secretary of Personnel." (Emphasis in original). We are unprepared at least at this time to hold that these provisions are ineffective or not authorized by law. The case of *Mahoney v. Philadelphia Housing Authority,* 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974), *cert. denied,* 419 U.S. 1122 (1975), where we held that a local authority could not create tenure for its employees without specific grant of power to do so by the General Assembly is clearly distinguishable. Section 709 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §249, gives the Executive Board general authority to establish standards for work and service of persons employed by divisions of State Government within the Executive Branch. Further, it seems to us that the Governor as head of the Executive Branch would have inherent power to make rules concerning the procedures to be employed in the dismissal of non-civil service management level employees whom he and his department heads must procure to do the

State's work. A demurrer should be granted only in a clear case free of doubt.

The Respondents' extended argument concerning whether Mr. Wilt, as a non-civil service employee, had a property interest in his position which protected him against dismissal without due process is not germane. Mr. Wilt is not complaining that he was denied due process; he only seeks the advantage of dismissal procedures established, he says, according to law.

We must, therefore, overrule the Respondents' demurrers to Mr. Wilt's claim in the nature of mandamus.

### ORDER

AND Now, this 23rd day of October, 1979, we sustain the Commonwealth, Department of Revenue's demurrer to Mr. Wilt's petition for review as it relates to charges of false accusations of improper conduct in his position. We overrule the Commonwealth's demurrer as it relates to Mr. Wilt's claim that he was improperly dismissed and should be reinstated. We dismiss all of Mr. Lopus's demurrers to the claims asserted against him in the petition for review, without prejudice. We grant the Respondents' motion for a more specific pleading. The petitioner is directed to file an amended complaint within 30 days after notice of this order.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent from the majority where it sustains the demurrer of the Commonwealth, Department of Revenue, based on sovereign immunity for those reasons stated in my Concurring and Dissenting Opinion filed in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). I concur in all other respects.