Ronald E. Tomasetti and William J. Harper, Petitioners *v.* Glen L. Bowers, Executive Director of the Pennsylvania Game Commission, Respondent.

356

Submitted on briefs, September 10, 1979, to Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*James R. Ronca,* with him *Meyers & Desfor,* for petitioners.

*Ronald H. Skubecz,* Deputy Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE CRAIG, November 19, 1979:

Petitioners in this action, which is before us on preliminary objections in the nature of a demurrer to a complaint in mandamus seeking to compel the Game Commission to hold a formal hearing, were deputy game protectors who were dismissed from their positions without a formal hearing. Respondent has

demurred to the complaint on the ground that deputy game protectors have no statutory entitlement to a hearing before removal.

Because petitioners do not rely on any kind of contractual agreement, we must find an express statutory basis for the entitlement to a hearing. Our Pennsylvania decisions hold:

> Tenure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis, is, where it exists, a matter of legislative grace.

> [W]here the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating.

*Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 154-5, 166 A.2d 278, 281 (1960).

> An enforceable expectation of continued public employment can exist only if the employee, by statute or contract, has been granted some form of guarantee.

*Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 421, 366 A.2d 631, 633 (1976).

Petitioners point to Section 208 of The Game Law, Act of June 3, 1937, P.L. 1225, *as amended*, 34 P.S. §1311.208, as expressly providing that deputies shall have "the rights and powers given by law to game protectors," and argue that, because Section 206 of The Game Law, 34 P.S. §1311.206, grants all game protectors a right to a hearing before removal, deputy game protectors must have the same entitlement to a hearing.[1]

---

[1] Section 208 reads in full:

The commission may appoint competent men throughout the Commonwealth, to be known as deputy game protectors, in such numbers as the commission may deem necessary,

358

The relevant language of Section 206 of the Game Law reads:

Game protectors and all other employes shall be removable at the discretion of the commission or may be suspended without compensation by the director pending action of the commission: Provided, however, That prior to such removal all game protectors and other regular employes shall be given a fair and impartial hearing before the commission's established trial board, unless the employe waives such hearing.

Respondent argues that Section 206 of The Game Law unambiguously extends the right to a hearing only to "regular employes," defined by Section 3(k) of the Civil Service Act, Act of August 5, 1941, P.L.

who shall possess the rights and powers given by law to game protectors, and be subject to all requirements and regulations, either of the law or of rules of the commission, controlling the action of such game protectors.

Such deputy game protectors shall not be entitled to recompense for either time or expenses incurred in the performance of their duties unless specifically employed for special duties by written order of the executive director, in which the rate of compensation and allowance for expenses shall be stipulated. The commission shall from time to time fix the rate of compensation for such services.

Any deputy game protector while not specifically employed in writing for special duties, as above stipulated, shall be entitled to collect such fees as are now, or may hereafter be, paid to constables, to be assessed and collected as costs of prosecution, for services legally rendered in the performance of any duties in the enforcement of the several provisions of this act.

All deputy game protectors shall give a bond in the amount of three hundred dollars.

Section 9(b) (1) of the Act of October 4, 1978, P.L. 909, repealed this section insofar as it is inconsistent with 1 Pa. C.S. §2301(b), which provides that all references to sex in requirements for appointments to public positions are to be construed to require appointment without reference to sex.

752, *as amended,* 71 P.S. §741.3(k), as "an employe who has been appointed to a position in the classified service in accordance with this act after completing his probationary period." Because the position of deputy game protector is not classified, the position cannot be considered a "regular" one.

Thus there is a facial conflict between Sections 206 and 208 of the Game Law because Section 208 gives deputy game protectors "rights" like those of game protectors,[2] but Section 206 of The Game Law differentiates by granting a hearing only to "all game protectors and other regular employes," language which vests the hearing entitlement in game protectors who are regular employes, which, as noted above, does not include deputy game protectors.

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision. . . .

Section 1933 of The Statutory Construction Act of 1972, 1 Pa. C.S. §1933.

Section 208 is the general provision. In this context, Section 206, as the section dealing specifically with hearings, is the special provision. Hence Section 206 must be viewed as setting forth an exception, re-

---

[2] However, Section 208 also provides that, unlike full-fledged game protectors, deputy game protectors are not entitled to compensation for time and expense incurred in performing their duties unless an allowance is expressly stipulated for specific employment by written order of the executive director, the chief administrative officer of the Game Commission. That mode of remuneration makes plausible respondent's characterization of the position of deputy game protector as primarily "honorary."

360

garding hearing entitlement, to the general rule that deputy game protectors possess rights akin to game protectors.

Accordingly, we will sustain the respondent's preliminary objections because there is no statutory basis for granting petitioners the hearing they seek.

ORDER

AND Now, this 19th day of November, 1979, the preliminary objections of the respondents, Commonwealth of Pennsylvania Game Commission and Glen L. Bowers, Executive Director of the Pennsylvania Game Commission are sustained and the complaint at No. 2103 C.D. 1978 is hereby dismissed.

