Peter V. Pagano, Plaintiff *v.* The Pennsylvania State Horse Racing Commission et al., Defendants.

Argued March 11, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Michael D. Fishbein,* with him, *Arnold, Levin, Adler, Barish, Daniels, Levin & Creskoff,* and *Richard H. Elliott, Cotlar, Aglow & Elliott,* for plaintiff.

*Mary Ellen Krober,* with her, *Norman J. Watkins* and *Allen C. Warshaw,* Deputy Attorneys General, and *Edward G. Biester, Jr.,* Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, JR., April 15, 1980:

The Court has before it defendants' preliminary objections to plaintiff's complaint seeking declaratory judgment.[1] Plaintiff was employed by the Pennsylvania State Horse Racing Commission beginning March 24, 1974 as an Administrative Officer I and rising to the level of Deputy Executive Secretary prior to his dismissal on July 3, 1975. Plaintiff asserts that his constitutional rights have been abused by the deprivation of a property interest in his continued employment.

In order to obtain a property interest in employment protected by the Constitution one must have a

---

[1] Prior to the commencement of this action plaintiff initiated a suit in the United States District Court for the Middle District of Pennsylvania against most of the instant defendants alleging they had denied him a property interest in his job without due process of law. The United States District Court abstained from deciding the case pending resolution of plaintiff's property rights under state law. Plaintiff filed a complaint for declaratory judgment which is being considered as a petition for review addressed to this Court's original jurisdiction as per Pa. R.A.P. 1502 and 1503.

legitimate entitlement to it which arises from state law. *Bishop v. Wood,* 426 U.S. 341 (1976); *Board of Regents v. Roth,* 408 U.S. 564 (1972). In Pennsylvania a public employee is subject to summary dismissal unless by some legislatively authorized act greater employment rights are created. *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960). Most recently in *Tomasetti v. Bowers,* 47 Pa. Commonwealth Ct. 355, 408 A.2d 192 (1979), this Court found a deputy game protector, an executive branch employee of state government, had no legal expectancy of continued employment absent a valid contractual or express statutory basis.

Plaintiff bases his claimed property interest on directives issued by the Governor or his Secretary of Personnel.[2] Thus, our threshold determination must be the legal import of these documents.

Only executive orders which are authorized by the Constitution or promulgated pursuant to statutory authority have the force of law. *Shapp v. Butera,* 22 Pa. Commonwealth Ct. 229, 348 A.2d 910 (1975). Of course, the Governor may issue proclamations or communications as executive orders absent such authority, but these gubernatorial communications will not be enforced by the Courts. Plaintiff offers no specific authority on which the instant executive orders were promulgated and this Court finds none.

Even if we had found that the documents were issued in a manner which made them legally cognizable executive orders, in order for plaintiff to prevail it would have been necessary that the Governor had the power to issue a directive granting an entitlement to continued employment to an employee in a

---

[2] There are three documents, consisting of two memos from the Governor's Secretary of Personnel and one management directive from the Governor.

non union position not included within the civil service system. Absent legislative action such a proposition is dubious. *Mahoney v. Philadelphia Housing Authority,* 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974) (allocatur refused), *cert. denied,* 419 U.S. 1122 (1975).

The basis of plaintiff's asserted property right being insufficient, we sustain defendant's preliminary objections.

ORDER

AND Now, this fifteenth day of April, 1980, the preliminary objections of the defendant The Pennsylvania State Horse Racing Commission, and Andrew R. Johnson, individually and in his capacity as Chairman of the Pennsylvania State Horse Racing Commission and A. Marylyn Moyer, individually and in his capacity as a Commissioner of the Pennsylvania State Horse Racing Commission and Robert B. Glass, individually and in his capacity as former Executive Secretary of the Pennsylvania State Horse Racing Commission and Larrick B. Stapleton, individually and in his capacity as an Attorney for the Pennsylvania State Horse Racing Commission, are sustained and the complaint of Plaintiff, Peter V. Pagano, is hereby dismissed.

President Judge CRUMLISH concurs in the result only.

---

CONCURRING OPINION BY JUDGE CRAIG:

An important distinction in this case is the fact that it involved the discharge of an employee of a quasi-independent commission by authority of that commission. For that key reason, I believe that we have reached the correct result in holding the gubernatorial directive to be ineffective here.

However, our holding should not imply that we would condone a future repudiation by an executive of his own tenure directive with respect to any executive branch employee not under an independent commission, whether or not the directive amounts to an executive order authorized by statute.

Although no governor should be permitted to impose tenure limitations upon his *successor* without legislative authorization, we should not discourage the establishment of merit personnel policies made meaningful by enforceability *within* an administration.

A governor's constitutional responsibility to administer the executive branch necessarily implies the power to use sound personnel policies for his own administration, as by offering assurances of tenure (dismissal only for cause) to attract qualified persons. Legislative authorization should not be required for a governor to be a reasonable employer and one who is held to his personnel commitments.

We now accept the fact that collective bargaining agreements may provide tenure rights for members of bargaining units. I cannot see why such a reasonable right cannot be part of the bargain by which the executive may choose to hire each individual employee.

In *Mahoney v. Philadelphia Housing Authority*, 13 Pa. Commonwealth Ct. 243, 320 A.2d 459 (1974) (allocatur refused), *cert. denied*, 419 U.S. 1122 (1975), we let a housing authority repudiate its own personnel policy, on the authority of *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960), but the citation of the *Scott* case in *American Federation of State, County and Municipal Employees v. Shapp*, 443 Pa. 527, 280 A.2d 375 (1971) provides no assurance that *Scott* has survived enactment of the Public Employe Relations Act, Act of July 23, 1970,

P.L. 563, *as amended*, 43 P.S. §1101.101 et seq., as to a case where a tenure policy has been stated; the fact situation of the *AFSCME* case involved no semblance of a contractual right.

In *DeFrank v. County of Greene*, 50 Pa. Commonwealth Ct. 30, 412 A.2d 663 (1980) we recently held that county commissioners are estopped from denying the efficacy of personnel tenure policies followed by them in a way which warranted employee reliance. Although *DeFrank* might be distinguished from *Mahoney* on the basis that a board of county commissioners possesses legislative power as well as administrative power, we should not cling to that distinction.

In the present case, our limitation of the executive's policy directive contributes to the independence of the commission. However, where that is not a consideration, we should allow an executive to administer personnel tenure on the basis of a declared merit system and, taking the executive at his word, enforce that commitment within his own term.

President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR. join in this concurring opinion.