Richard N. Wilt, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue et al., Respondents.

Submitted on briefs December 12, 1980, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three. Argued September 15, 1981, before President Judge Crumlish and Judges Mencer, Rogers, Blatt and MacPhail.

*Jay R. Braderman, Baskin & Sears,* for petitioner.

*Herbert L. Olivieri,* Chief, Torts Litigation Unit, with him, *Randall G. Gale,* Deputy Attorney General, and *Harvey Bartle, III,* Attorney General, for respondents.

Opinion by Judge Blatt, November 6, 1981:

This matter now reappears before us, we having previously sustained some and overruled some other

preliminary objections to the amended petition for review of the petitioner, Richard N. Wilt, filed by the respondents Department of Revenue and Milton Lopus, former Secretary of Revenue. *Wilt v. Department of Revenue,* 46 Pa. Commonwealth Ct. 559, 406 A.2d 1217 (1979). The petitioner has now filed an amended complaint, as we directed, and the respondents have again raised preliminary objections which we must now address. We will not repeat the facts which are succinctly and ably described by Judge ROGERS in the opinion above cited.

The respondents have raised preliminary objections as to the official immunity of Respondent Lopus, the running of the statute of limitations and this Court's lack of jurisdiction. And, because we agree that this Court does not have jurisdiction, we need not address the other objections.

We believe that we lack jurisdiction because the appeal here is predicated on a dismissal allegedly invalidated by the respondents' failure to comply with the Governor's Management Directive relating to the dismissal of non-civil service employees. In this connection, our opinion in *Robinson v. Shapp,* 23 Pa. Commonwealth Ct. 153, 350 A.2d 464 (1976), is instructive. There, in a case also involving an executive order of the Governor, we sustained a preliminary objection raising the issue of justiciability for the obvious reason that if there is no justiciable issue we have no jurisdiction.

In *Pagano v. Pennsylvania State Horse Racing Commission,* 50 Pa. Commonwealth Ct. 499, 413 A.2d 44 (1980), we held that only those directives of the Governor, which are authorized by the Constitution or promulgated pursuant to statutory authority, have the force of law. Judge WILKINSON wrote:

> Of course, the Governor may issue proclamations or communications as executive orders

absent such authority, but these gubernatorial communications cannot be enforced by the Courts. Plaintiff offers no specific authority on which the instant executive orders were promulgated and this Court finds none.

Even if we had found that the documents were issued in a manner which made them legally cognizable executive orders, in order for plaintiff to prevail it would have been necessary that the Governor had the power to issue a directive granting an entitlement to continued · employment to an employee in a non-union position not included in the civil service system. Absent legislative action such a proposition is dubious.

50 Pa. Commonwealth Ct. at 502, 413 A.2d at 45 (citations omitted).

In the instant case the only authority cited by the petitioner for the Governor's Management Directive is a regulation appearing at 4 Pa. Code §38.2 (5 Pa. B. 3098 (1975)). Surely, a bureaucratic or departmental regulation is not the kind of *constitutional* or *statutory* authority contemplated by this Court in *Pagano*.

Inasmuch as the sole basis alleged by the petitioner here for his appeal is the failure of the respondents to follow the Governor's Management Directive and because that directive is not derived from any constitutional or statutory authority, we must hold that the issue before us is non-justiciable and must dismiss the petition for review because we lack jurisdiction to adjudicate it.

## Order

And Now, this 6th day of November, 1981, the preliminary objections of the Pennsylvania Department of Revenue and Milton Lopus, the respondents herein, to the jurisdiction of the Commonwealth Court

are sustained and the amended petition for review in the above-captioned matter is dismissed.

———

DISSENTING OPINION BY JUDGE ROGERS:

I dissent.

When this case was before us on preliminary objections to Mr. Wilt's first amended petition for review, a panel of this court held that Mr. Wilt stated a cause of action by alleging that Executive Board regulation, 4 Pa. Code §38.2 (5 Pa. B. 3098) implemented by the Governor's Office Management Directive 515.8 declaring that non-civil service employees will not be dismissed without prior approval of the Secretary of Personnel, was violated in the instance of his removal. We there wrote:

> The Respondents additionally raise by demurrer the asserted ineffectiveness and lack of authorization for the regulations and gubernatorial directive invoked by Mr. Wilt as authority for the necessity for the approval of the Secretary of Personnel of his dismissal. The Executive Board regulation, 4 Pa. Code §38.2 (5 Pa. B. 3098), provides that non-civil service management level employees may be separated in accordance with policies and procedures established by the Governor's Office. Mr. Wilt avers the existence when he was dismissed of Governor's Office Management Directive 515.8, dated August 7, 1975, which declares that "non-civil service employees *will not be dismissed* without prior approval of the Secretary of Personnel." (Emphasis in original.) We are unprepared at least at this time to hold that these provisions are ineffective or not authorized by law. The case of *Mahoney v. Philadelphia Housing Authority*, 13 Pa. Commonwealth

Ct. 243, 320 A.2d 459 (1974), *cert. denied,* 419 U.S. 1122 (1975), where we held that a local authority could not create tenure for its employees without specific grant of power to do so by the General Assembly, is clearly distinguishable. Section 709 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §294, gives the Executive Board general authority to establish standards for work and service of persons employed by divisions of State Government within the Executive Branch. Further, it seems to us that the Governor as head of the Executive Branch would have inherent power to make rules concerning the procedures to be employed in the dismissal of non-civil service management level employees whom he and his department heads must procure to do the State's work. A demurrer should be granted only in a clear case free of doubt.

This new panel has overruled the law of this case established in our earlier consideration of the same issue. Moreover, in so doing the majority relies primarily on our opinion in *Pagano v. Pennsylvania State Horse Racing Commission,* 50 Pa. Commonwealth Ct. 499, 413 A.2d 44 (1980). *Pagano* involved an employee of an independent commission and not, as in the case *sub judice,* an employee within the Governor's administration itself. Furthermore, a majority of the court which decided *Pagano* did not agree with the language quoted by the majority here but joined in the *concurring opinion* of Judge CRAIG, who wrote:

Our holding should not imply that we would condone a future repudiation by an executive of his own tenure directive with respect to any executive branch employee not under an inde-

pendent commission, whether or not the directive amounts to an executive order authorized by statute.

Although no governor should be permitted to impose tenure limitations upon his *successor* without legislative authorization, we should not discourage the establishment of merit personnel policies made meaningful by enforceability *within* an administration.

A governor's constitutional responsibility to administer the executive branch necessarily implies the power to use sound personnel policies for his own administration, as by offering assurances of tenure (dismissal only for cause) to attract qualified persons. Legislative authorization should not be required for a governor to be a reasonable employer and one who is held to his personnel commitments.

I believe the amended complaint states a cause of action and I would overrule the demurrer.