Ronald K.M. WILLIAMS, Plaintiff,

v.

PHILADELPHIA HOUSING AUTHORI-
TY, Elton Jolly, Roxanne D. Galeota,
and Anthony Hughes, Defendants.

Civ. A. No. 93–CV–0629.

United States District Court,
E.D. Pennsylvania.

Sept. 17, 1993.

ests protected by the Fourteenth Amendment. Count III included an additional state claim for breach of contract.[1]

We now face cross-motions for summary judgment. PHA moved for summary judgment asserting that 1) as an at-will employee, Williams had no expectation of continued employment with PHA and, therefore, no property interest; 2) PHA offered Williams the opportunity to challenge his discharge and was not, therefore, deprived of due process in connection with a liberty interest; and 3) as an at-will employee, Williams had no contract.

Williams incorporated his response to PHA's motion with his own cross-motion for partial summary judgment. First, he argued that he detrimentally relied upon a written agreement with PHA which allegedly guaranteed continued employment upon his return from medical leave and that such reliance is sufficient to create a property interest under the equitable estoppel doctrine. Second, he asserted that PHA violated his liberty interests because stigmatizing information concerning his employment with PHA was published without the opportunity for a formal hearing. Lastly, although he incorporated the same equitable estoppel argument to support his state breach of contract claim in response to PHA's motion, he did not include this claim in his cross-motion for summary judgment.

Frederick C. Timm, Philadelphia, PA, for plaintiff.

Sara M. Staman, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

### I. *Introduction*

On August 30, 1992, Defendant Philadelphia Housing Authority (PHA) discharged Plaintiff Ronald K.M. Williams, Esquire (Williams) citing the misfeasance and nonfeasance of duties as Assistant Counsel to PHA. Williams brought this suit against PHA alleging violations of 42 U.S.C. § 1983 and Pennsylvania state law.

Williams alleged in counts I and II of his complaint that PHA terminated his employment without a proper hearing thus depriving him of both property and liberty inter-

### II. *Facts*

PHA hired Williams on May 10, 1991, as an at-will employee to serve as an Assistant Counsel. At the time, he was a four-year member of the bar of Pennsylvania and of the Eastern District of Pennsylvania. Defendant Roxanne Galeota was his immediate supervisor and General Counsel, defendant Elton Jolly was the Executive Director, and defendant Anthony Hughes was the Director of Human Resources.

On August 31, 1992, PHA discharged Williams following a well documented series of unauthorized absences and misconduct.

---

1. Williams' original complaint also included a third § 1983 claim for deprivation of the right to privacy and association and an additional state claim for wrongful discharge. By motion, Williams dropped both claims.

In November 1991, Ms. Galeota reprimanded Williams in writing for taking a vacation day without prior approval. Despite the warning, Williams continued to take unauthorized absences which also began to affect his performance.

On May 12, 1992, without having given notice to Ms. Galeota or the court of his planned absence, Williams failed to appear for a scheduled settlement conference before the Honorable William H. Yohn Jr. of the United States District Court for the Eastern District of Pennsylvania. PHA subsequently suspended Williams from his duties without pay. Also in May, Williams received a separate suspension for other repeated and unauthorized absences. Finally on July 9, 1992, following a failure to attend a scheduled arbitration meeting, Ms. Galeota placed Williams on 90 day probation.

Despite the probation, William's misconduct continued. On July 16, Williams submitted a memorandum stating that he would be absent the next day. However, he neglected to coordinate the appropriate measures necessary to cover a scheduled court appearance before the Honorable Robert F. Kelly of the United States District Court for the Eastern District of Pennsylvania. The next day, Judge Kelly notified PHA of Williams' failure to show in court forcing Ms. Galeota to represent PHA via telephone in Williams' stead.

As a result of this series of misconduct, Ms. Galeota notified Williams that she planned to recommend his termination and offered him an opportunity to resign. Williams, however, declined to resign and, Ms. Galeota terminated his employment effective July 30.

Williams subsequently requested and obtained a personal interview with Mr. Jolly, PHA's Special Master who has the final authority over all dismissals. Williams explained that his poor performance came as a result of the stress that he suffered arising from personal domestic disputes and related litigation. He argued that if not for the domestic problems, his performance would be satisfactory.

With Mr. Jolly's approval, Williams received a 30 day medical leave of absence. A letter from Ms. Galeota, conditioned the approval of the leave on several stipulations. First, Williams was to submit a medical certificate supporting his medical leave. Second, he was to use the leave to resolve all personal difficulties preventing him from satisfactory performance. Third, PHA was obligated only to return Williams to a job at the same grade and pay level as he previously held. Lastly, in the event of further infractions of a similar nature Williams would be subject to immediate termination without the opportunity for appeal to Mr. Jolly.

During Williams' leave, Ms. Galeota distributed the vacant workload to the other attorneys. As the new attorneys reviewed the material, they discovered evidence that Williams allegedly submitted inaccurate case reports to Ms. Galeota. In these reports, he failed to disclose his failure to respond to discovery requests in several cases. All of the failures to respond resulted in the courts levying substantial monetary sanctions against PHA.

Based on this new evidence, PHA terminated Williams' employment effective August 30, 1992. In a meeting with Williams, Ms. Galeota and Mr. Hughes advised him verbally and in writing of the reasons for his termination. They informed Williams that the letter of termination would not be placed in his employment record for two weeks giving him the opportunity to resign his position. They also gave him the opportunity to file a written appeal within ten days of the termination's effective date to Mr. Jolly.

Williams did not file an appeal with Mr. Jolly, but instead on September 7, 1992, demanded in writing to Mr. Hughes a formal discovery and evidentiary hearing. On September 15, Ms. Galeota wrote and again offered him the opportunity to submit a written statement to Mr. Jolly if he wished to challenge the termination.

On September 23, 1992, Williams finally submitted a letter to Mr. Jolly again only demanding formal discovery and an evidentiary hearing. Williams did not challenge his termination by offering facts, evidence or sound reasons to support his position. Mr.

Jolly reviewed the letter and affirmed Williams' termination effective August 30, 1992 for the nonfeasance and misfeasance of his duties as counsel to PHA.

### III. Standard

■ Summary judgment is appropriate where the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When examining a motion for summary judgment, the court must view the facts in a light most favorable to the non-moving party. *United States v. Hall*, 730 F.Supp. 646, 648 (M.D.Pa.1990). The court's responsibility is not to resolve disputed issues of facts but to determine whether there are any factual issues to be tried. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986).

■ The movant bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If met, the burden then shifts to the non-moving party who must then go beyond the pleadings, affidavits, depositions and interrogatories to show that there is more than a metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552.

■ In cases where the parties filed cross-motions for summary judgment, each side essentially contends that no issue of material fact exists from its perspective. *Hall*, 730 F.Supp. at 648. We must, therefore, consider each motion for summary judgment separately. *Id.* The standards under which we grant or deny summary judgment do not change because cross-motions are filed. *Id.* Each party still bears the initial burden of establishing a lack of genuine issues of material fact. *Id.* Such contradictory claims do not necessarily guarantee that if one party's motion is rejected, the other party's motion must be granted.

*See id.* quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir.1968).

### IV. Discussion

For the sake of simplicity and since the parties are arguing opposite sides of the same issues, we will establish each argument separately, the opposition thereto, and then the pertinent law and its application.

#### A. Alleged deprivation of property interests

PHA moves for summary judgment on the grounds that under Pennsylvania law an at-will employee has no expectation of future employment and, therefore, cannot have a property interest. Since Williams was an at-will employee, PHA argues that his deprivation of property interest claim must fail.

Williams does not dispute his former status as an at-will employee and concedes that Pennsylvania law does not recognize that a public, at-will employee may have a property interest in continued employment. He instead argues that the equitable estoppel doctrine creates an exception to Pennsylvania's stringent at-will employment doctrine. He alleges that since he detrimentally relied on the leave agreement with PHA, his discharge constituted a deprivation of property interest.

We agree with PHA and find that Williams' equitable estoppel exception is insufficient to overcome Pennsylvania's at-will employment doctrine. As a result, we will grant PHA's motion for summary judgment concerning the property interest claim and deny Williams' opposing cross-motion.

■ Defining Williams' property interest in public employment depends upon Pennsylvania law. *See Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Pennsylvania law is clear: unless there is specific legislative language to the contrary, public, at-will employees do not have a property interest in continued employment. *Cooley v. Pennsylvania Housing Finance Agency*, 830 F.2d 469, 471 (3d Cir. 1987) *citing Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960); *see also Unger v. National Residents Match-*

*ing Program*, 928 F.2d 1392, 1399 (3d Cir. 1991) (finding that a property interest may arise where a state entity can terminate employment only for cause). Nor does Pennsylvania law recognize equitable estoppel as an exception to the at-will employment doctrine. *Paul v. Lankenau Hosp.*, 524 Pa. 90, 95, 569 A.2d 346, 348 (1990); *Andrew v. Lemmon Pharmacal Co.*, 767 F.Supp. 657, 659 (E.D.Pa.1990); *Carlson v. Arnot–Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990).

■ Williams, however, asks this court to rely on *Bolduc v. Board of Supervisors*, 152 Pa.Cmwlth. 248, 618 A.2d 1188, 1191 (1992) as a basis for the equitable estoppel exception. There the court found that to apply the equitable estoppel doctrine against a government agency, it must have intentionally or negligently misrepresented some material fact and induced a party to act to his or her detriment, knowing or having reason to know the other party would justifiably rely on the misrepresentation. *Id.* Williams alleges that PHA misrepresented the fact that he would retain his position with PHA upon return from medical leave and that PHA knew or had reason to know that he would rely on the promise. Because of the promise, Williams argues that he did not seek alternative employment.

However, Williams' reliance on *Bolduc* is without merit. First, the court in *Bolduc* did not reach the equitable estoppel inquiry, and the opinion concerning equitable estoppel must be treated as mere *dictum*.[2] Even so, Pennsylvania's Supreme Court has not addressed *Bolduc's* equitable estoppel exception and is not, therefore, sufficient to supplant or supplement the Pennsylvania's at-will employment laws. Secondly, even if *Bolduc* represented current law, Williams' allegations on their face do not establish the necessary elements of the doctrine. Williams does not present evidence that PHA

intentionally or negligently misrepresented some material fact.

Thus, Williams fails to demonstrate that the equitable estoppel exception creates a property interest in continued, public employment. Pennsylvania law is clear that Williams as a public, at-will employee has no property interests in continued employment with PHA. We must, as a result, grant PHA's motion for summary judgment and deny Williams' opposing cross-motion.

### B. Alleged deprivation of liberty interests

Williams additionally alleged in his complaint that he was deprived of a liberty interest as a result of the dissemination of stigmatizing information connected with his discharge. PHA now moves for summary judgment because even assuming that the elements essential for a stigmatization claim exists, PHA did not deny Williams due process.

Williams alleges that although he consistently and in a timely manner demanded a formal discovery and evidentiary hearing, PHA refused his request and that such denial of formal proceedings constituted a deprivation of due process.[3]

The central issue then is whether adequate due process requires formal discovery and an evidentiary hearing as requested by Williams. We find that it does not, and, for reasons discussed below, we again grant PHA's motion for summary judgment on the liberty interest allegation and deny Williams' cross-motion for summary judgment.

■ Assuming that Williams has adequately alleged all of the necessary elements to make a false stigmatization claim, the Fourteenth Amendment requires that a nontenured employee be given the opportunity to clear his name. *Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). That opportunity to be heard need

---

**2.** The court held first that the plaintiffs' allegations on their face did not establish the necessary elements for a successful equitable estoppel exception. *Bolduc*, 618 A.2d at 1191. Second and more importantly, Bolduc did not raise this theory of recovery prior to his appeal thereby failing to preserve his right to relief on the basis of equitable estoppel. *Id.*

**3.** Although we do not reach the allegations, Williams also asserted that false and stigmatizing information concerning his employment with PHA was published in family court during a hearing with his estranged wife.

not be formal, *see Gniotek v. City of Philadelphia*, 808 F.2d 241, 243 (3d Cir.1986), but only that it must occur at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Given the opportunity, the employee must take advantage of the offer to challenge the substantial truth of the stigmatizing information. *Codd*, 429 U.S. at 627, 97 S.Ct. at 884.

In *Gniotek*, 808 F.2d at 244, the Third Circuit found that the determination of whether due process was adequate must be measured against the two essential elements of due process: notice and the opportunity to be heard. *Id. quoting Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). There, six police officers were served "Notice(s) of Intention to Dismiss" which specified the charges levied against them and offered them ten days in which to challenge the dismissal in a personal, pre-termination interview with the commissioner. *Gniotek*, 808 F.2d at 242. The policemen, however, invoked their privilege against self-incrimination because of pending criminal charges and refused the interview. *Id.*

The court affirmed the defendant's motion for summary judgment finding that the policemen were given adequate notice and an adequate opportunity to respond. *Id.* at 245. The court noted that the fact that the policemen opted not to take advantage of the appeals process did not offend the notion of due process. *Id.*

▪ Similarly, PHA offered Williams adequate notice and the opportunity to respond to the allegations. Notice is sufficient if 1) it apprises the party of the nature of the charges and general evidence against him and 2) it is timely under the particular circumstances. *Gniotek*, 808 F.2d at 244. First, PHA notified Williams both in writing and in person of the specific reasons for his discharge. Additionally, PHA's notice of termination was timely offering Williams adequate opportunity to address the allegations.

We also find that PHA gave Williams adequate opportunity to challenge the reasons for his termination. PHA notified Williams at the termination interview that if Williams wished to challenge the termination, he must submit his reasons or evidence in a written appeal to Mr. Jolly within ten days of the effective date of termination.

Williams, however, did not take advantage of the appeals process. Instead of submitting a written appeal to Mr. Jolly, Williams wrote a letter to Mr. Hughes demanding a formal hearing. Ms. Galeota then offered Williams additional time and a second opportunity to submit a written appeal to Mr. Jolly in order to offer reasons and evidence to challenge his discharge. Williams subsequently submitted a written document to Mr. Jolly but only to request a formal hearing and not to offer evidence or reasons to challenge his termination.

Nor does Williams allege any inadequacies in the offered appeals process. To the contrary, PHA's handling of the incident indicates a good will effort to resolve the issues. First, PHA offered Williams the opportunity to resign in order to preserve his employment record and reputation. Second, they offered to Williams on two separate occasions the time and opportunity to challenge his termination in a written appeal to Mr. Jolly. Lastly, Williams had earlier requested and received an interview with Mr. Jolly which resulted in a 30 day medical leave with which to resolve any personal problems. Nothing indicates that Williams' written appeal to Mr. Jolly would have been any less effective.

Thus, we find that PHA offered Williams adequate notice and the opportunity to be heard. The fact that he chose not to take advantage of the appeal does not offend the notions of due process. *See Gniotek*, 808 F.2d at 245. As a result, PHA did not deny Williams due process and we must, therefore, grant PHA's motion for summary judgment on the deprivation of liberty claim and deny Williams' cross-motion.

## C. Breach of Contract Claim

In his complaint, Williams alleged that PHA breached the employment contract. PHA moves for summary judgment on the grounds that an at-will employee has no contract. Williams in his response argues the same equitable estoppel exception that he

employed in his deprivation of property claim to maintain the breach of contract claim.

It is well established that in Pennsylvania, an at-will employee may be discharged at any time with or without cause regardless of any alleged reliance on a promise made by the employer. *Paul v. Lankenau Hosp.*, 524 Pa. 90, 95, 569 A.2d 346, 348–49 (1990). Nor is equitable estoppel an exception to Pennyslvania's at-will employment doctrine. *Id.*

Moreover, Williams does not dispute his former status as an at-will employee. Thus, we find that Williams had no employment contract with PHA and, for the same reasons we found on Williams' deprivation of property claim, we will grant PHA's motion for summary judgment on the breach of contract claim.

## ORDER

AND NOW, this 17th day of September, 1993, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response thereto, and upon further consideration of Plaintiff's Partial Cross–Motion for Summary Judgment and Defendants' response thereto, it is hereby ORDERED that Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Partial Cross–Motion for Summary Judgment is DENIED.