646 A.2d 734

**Clarence L. STUMPP, Appellant,**

v.

**STROUDSBURG MUNICIPAL AUTHORITY.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 1994.

Decided Aug. 10, 1994.

Petition for Allowance of Appeal Granted Nov. 18, 1994.

Ronold J. Karasek, for appellant.

Michael Mancuso, for appellee.

Before COLINS and FRIEDMAN, JJ., RODGERS, Senior Judge.

COLINS, Judge.

Clarence L. Stumpp (Stumpp) appeals from the June 22, 1993 order of the Court of Common Pleas of Monroe County (Common Pleas) sustaining preliminary objections filed by the Stroudsburg Municipal Authority (Authority) in response to Stumpp's appeal of his termination by the Authority.

Stumpp was employed initially, as manager of the Authority (a local agency that provides water service for the Borough of Stroudsburg and its environs) and subsequently, pursuant to the Authority's February 7, 1992 letter, as an Authority filter plant operator. This letter in effect demoted Stumpp from the position of manager to that of plant operator allegedly because of past incidents and general conduct problems, which the Authority averred made it impossible for Stumpp to "effectively continue working in the capacity of Manager." The letter also requested that Stumpp advise the Authority if he wished to retain the plant operator position until his retirement.

In spite of the representations made in the foregoing letter, on September 17, 1992, Stumpp's employment was terminated by the Authority. Stump appealed to Common Pleas on October 16, 1992, asserting that the termination was a local agency adjudication. On January 29, 1993, the Authority filed preliminary objections to Stumpp's appeal, alleging lack of subject matter jurisdiction, pursuant to Pa.R.C.P. No. 1028(a)(1). On February 8, 1993, Stumpp filed an answer and new matter and, subsequently, on March 10, 1993, filed an amended answer to these preliminary objections. Additionally, the parties submitted briefs in support of their respective positions.

Common Pleas, by order and opinion dated June 22, 1993, sustained the Authority's preliminary objections and dismissed Stumpp's appeal, stating that it was unaware of any statute giving the Authority the power to contract and that, therefore, the Authority "could not enter into an employment contract, thus creating a property interest, with the Appellant." Based on this rationale, Common Pleas concluded that: (1) Stumpp's

termination was not an adjudication from a local agency; (2) Stumpp therefore had no right of appeal from his termination; and (3) Common Pleas lacked subject matter jurisdiction over this matter.

Before us for determination is the question of whether Common Pleas erred in concluding: (1) that the Authority was not empowered by the legislature to enter into an employment contract with Stumpp; (2) that Stumpp was an at will employee without a property interest in his employment and, therefore, (3) that Stumpp's termination was not a local agency adjudication and hence was not appealable to Common Pleas.

Stumpp first argues that Common Pleas erred in sustaining the Authority's preliminary objections and in concluding that Common Pleas lacked jurisdiction over this matter. In this regard, Stumpp contends that the Authority's February 7, 1992 letter gave him a reasonable expectation of continued employment as a filter plant operator until his retirement, on which representation he justifiably relied. He further avers that although Common Pleas decided that no statute empowers the Authority to enter into employment contracts, the Authority, acting as a Borough agency pursuant to The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 45101–48501, can enter into employment contracts. Alternatively, Stumpp argues that even if we find his reliance on the foregoing statutory authority misplaced, basic common law principles of contract (e.g. implied contract, good faith, promissory estoppel) are applicable and render the Authority's termination action an adjudication that was appealable to Common Pleas.

Next, Stumpp maintains that his discharge "may have been the result of age discrimination and/or ill will/malice" which, if proven, would clearly constitute a violation of his "personal rights, privileges and immunities," an area encompassed by the term "adjudication," notwithstanding the Authority's position that an adjudication is narrowly limited to property rights.

Finally, Stumpp argues that Common Pleas, prior to its peremptory determination of the subject matter jurisdiction issue raised by the Authority, should have directed that a complete record be made since, in the present case, there was "no agency record at all."

■ Upon review, we agree that the Authority's February 7, 1992 letter reaffirmed the continued availability of Stumpp's position as a plant operator until his retirement, if he chose to retain it. The terms of this letter were so unequivocal as to give Stumpp an expectation of continued employment pursuant to what could be deemed, in effect, an implied contract. Specifically, the letter stated, "[i]f you wish to retain this position [of Plant Operator] until you retire, please advise the Authority Board so that we can schedule an executive session to discuss your salary." The record indicates that in accordance with the letter, Stumpp accepted the demotion from his former managerial position. The record also indicates that the Authority then scheduled an executive session establishing Stumpp's salary and that Stumpp was advised that he would have his filter plant operator position until he retired.

■ We also take issue with Common Pleas' reasoning that a municipal entity such as the Authority had no power to enter into an employment contract with Stumpp because the statutory provisions creating water supply districts were repealed on April 28, 1978, effective June 27, 1978. In *Pavonarius v. City of Allentown,* 157 Pa.Commonwealth Ct. 116, 629 A.2d 204 (1993), this Court unequivocally reaffirmed that "[a]n individual employed by a local agency is an at-will employee and does not enjoy a property right in her employment *unless she has an expectation of continued employment guaranteed by contract* or statute." *Id.* at 121, 629 A.2d at 207 (emphasis added). The Court further noted that because Pavonarius had a property right to continued employment, she also had a constitutional right under the Fourteenth Amendment as well as a statutory right in Pennsylvania to a due process hearing before being discharged.

■ Analogously, in the present case, the wording of the Authority's February 7, 1992 letter to Stumpp contained an offer of continued employment for a specific term, with only salary terms to be determined. Once Stumpp accepted this offer, a contractual relationship was created giving Stumpp a property right to continued employment and, therefore, a right to have a due process hearing prior to being terminated, regardless of the reason for the termination. *Pavonarius.*

■ Further, the contractual nature of the Authority's letter to Stumpp renders without merit the Authority's argument that there was no adjudication from which Stumpp may appeal. This Court adopted a similar rationale in *Wortman v. Pennsylvania Commission on Human Relations,* 139 Pa.Commonwealth Ct. 616, 621, 591 A.2d 331, 333 (1991), when it found that a letter sent from the Commission to appellant constituted an adjudication because it affected appellant's "personal or property rights, privileges, immunities, duties, liabilities, or obligations[,]" and that "[a]n adjudication shall not be valid against any party unless he or she is afforded reasonable notice of a hearing and an opportunity to be heard. Section 504 of the Local Agency Law, 2 Pa.C.S. § 504; Callahan v. Pennsylvania State Police, 494 Pa. 461, 431 A.2d 946 (1981)."

■ Finally, although Stumpp cannot rely upon civil service status or a collective bargaining agreement to support his position, he has invoked highly relevant, fundamental principles of equitable estoppel by reasonably relying, to his detriment, upon the Authority's promise of continued employment. In *Bolduc v. Board of Supervisors,* 152 Pa.Commonwealth Ct. 248, 618 A.2d 1188 (1992), *petition for allowance of appeal denied,* 533 Pa. 662, 625 A.2d 1195 (1993), we stated that "[t]o apply the doctrine of equitable estoppel against a governmental agency, it must have intentionally or negligently misrepresented some material fact and induced a party to act to his or her detriment, knowing or having reason to know the other party will justifiably rely on the misrepresentation." *Id.* at 254, 618 A.2d at 1191. Clearly, Stumpp is entitled to have a

hearing to establish his reasonable reliance upon the Authority's representations.

In view of the foregoing discussion, we vacate Common Pleas' order and remand to the court of common pleas with the directive that the matter be remanded to the Authority so that Stumpp may be afforded proper notice and a hearing relating to his termination.

### ORDER

And now, this 10th day of August, 1994, we vacate the order of the Court of Common Pleas of Monroe County in the above-captioned matter and remand the case to that court with the directive that the matter be remanded to the Stroudsburg Municipal Authority so that Clarence L. Stumpp may be afforded proper notice and. a hearing relating to his termination.

Jurisdiction relinquished.

RODGERS, Senior Judge, dissenting.

I respectfully dissent. In *Bolduc v. Board of Supervisors*, 152 Pa.Commonwealth Ct. 248, 618 A.2d 1188 (1992), *petition for allowance of appeal denied*, 533 A.2d 662, 625 A.2d 1195 (1993), a Township manager accepted a reclassification to the part-time position of special projects administrator at a salary of $30,000 per year and health benefits, beginning January 1990. In March, 1991, the Township agreed to continue his employment until December 31, 1991. In May, 1991, the township discharged him because he refused to relinquish his health benefits. This Court held that the township acted beyond its power by entering into the employment contract with Bolduc and contracting away the right to summarily dismiss an employee. This Court felt itself bound by the authority of *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960), where the Pennsylvania Supreme Court decided that the broad general powers granted the Authority to make contracts of every name and nature did not include the power to contract away the right of summary

dismissal as the power to confer tenure by contract must be expressly set forth in the enabling legislation.

*Bolduc* held that, in the absence of civil service tenure or a collective bargaining contract, public employees such as Bolduc are employees at will subject to summary dismissal without hearing. The court also said it could not consider Bolduc's claim of equitable estoppel because he had not raised it before, nor properly pleaded its elements.

Based upon this dictum in *Bolduc,* the majority finds that Stumpp may be entitled to rely upon the doctrine of equitable estoppel in this case. However, in the case of *Paul v. Lankenau Hospital,* 524 Pa. 90, 95, 569 A.2d 346, 348 (1990), the Supreme Court held that "[t]he doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with our [sic] without cause, and our law does not prohibit firing an employee for relying on an employer's promise."

The petitioners in *Williams v. Philadelphia Housing Authority,* 834 F.Supp. 794 (E.D.Pa.1993), claimed the language in *Bolduc* supported the equitable estoppel exception. In rejecting this claim the court said:

Williams' reliance on Bolduc is without merit. First, the court in Bolduc did not reach the equitable estoppel inquiry, and the opinion concerning equitable estoppel must be treated as mere dictum. Even so, Pennsylvania's Supreme Court has not addressed Bolduc's equitable estoppel exception and is not [sic], therefore, sufficient to supplant or supplement the Pennsylvania at-will employment laws.

*Williams,* 834 F.Supp. at 798 (footnote omitted).

Stumpp was an employee at-will. *See Scott.* "[A]llowing an employee to claim equitable estoppel where the law declares that no implied contract exists would simply undercut the rule that an action for wrongful discharge does not exist in an at-will employment relationship." *Ruzicki v. Catholic Cemeteries Assoc. of the Diocese of Pittsburgh,* 416 Pa.Superior Ct. 37, 44, 610 A.2d 495, 498 (1992).

In my opinion, *Pavonarius v. City of Allentown*, 157 Pa.Commonwealth Ct. 116, 629 A.2d 204 (1993), is inapposite in this case, because the plaintiff police officer had civil service tenure.

I would affirm the decision of the trial court.