208 F.Supp.2d 463 (2002)
Michael J. CLEVENGER, Plaintiff,
v.
FIRST OPTION HEALTH PLAN OF NEW JERSEY, now known as PHS Health Plans, Prudential Property and Casualty Insurance Company, Amerihealth HMO, Inc., Defendants,
Amerihealth HMO, Inc., Cross-Claimant,
v.
Prudential Property and Casualty Insurance Company and PHS Health Plans, Cross-Defendants,
Prudential Property and Casualty Insurance Company, Cross-Claimant,
v.
Amerihealth HMO, Inc. and PHS Health Plans, Cross-Defendants.
No. Civ. 01-1755(JBS).
United States District Court, D. New Jersey.
Filed: March 22, 2002.
*464 *465 Nicholas J. Costa, Costa, Vetra & LaRosa, P.C., Mount Laurel, NJ, for plaintiff.
Christopher G. Meikle, Maloof, Lebowitz, Connahan & Oleske, P.C., Chatham, NJ, for defendant First Option/PHS Health Plan.
Patrick J. Holston, Brown & Connery, LLP, Westmont, NJ, for defendant/cross-claimant Amerihealth.
Eric J. Riso, Zeller & Bryant, LLP, Cherry Hill, NJ, for defendant/cross-claimant Prudential.

OPINION
SIMANDLE, District Judge.
This action is before the Court on plaintiff Michael Clevenger's motion for summary judgment [Docket Item 16-1] against defendant Prudential Property and Casualty Insurance Company ("Prudential"), in which defendants Amerihealth HMO, Inc. ("Amerihealth") and First Option Health Plan, now known as PHS Health Plans ("PHS") join,[1] and also on defendant Prudential's cross-motion for summary judgment on the Complaint and all cross-claims [Docket Item 19-1]. Oral argument was heard on Friday, March 1, 2002. The central issue in all three pending motions is whether plaintiff's mother's primary health care provider, first PHS and then Amerihealth, both of which are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), or her automobile insurer, Prudential, is responsible for payment of personal injury protection ("PIP") benefits for plaintiff Michael Clevenger arising out of a June 17, 1996 automobile accident. Because the Court finds that there are genuine issues of material fact that remain, plaintiff's motion, PHS's motion, and Prudential's cross-motion for summary judgment will all be denied.

1. Factual Background

Many of the facts in this case are undisputed. On June 17, 1996, plaintiff Michael Clevenger was involved in an automobile accident and sustained severe bodily injuries. At the time of the accident, Michael was an insured driver under his parent's Prudential automobile policy. (See Kossar Cert., Ex. A, Yee Cert., ¶¶ 2, 3, 8.) Also at the time of the accident, Michael was a named beneficiary in his mother's then health insurance carrier, PHS. (Costa Cert., ¶¶ 9-10, Ex. E.) On November 20, 1996, when his mother's health insurance carrier changed, Michael was enrolled as a dependent in her new plan with Amerihealth.
At the time of the accident, the declarations page of the Clevenger's Prudential automobile policy indicated that the "coordination *466 of benefits option" applied to their coverage. (See Kossar Cert., Ex. B.) Plaintiff asserts that this was an error on Prudential's part and his parents have stated that they never opted for the "coordination of benefits" option and only became aware of the designation after the accident. (Costa Cert., Ex. C, D. Clevenger Aff., ¶¶ 4-8; M. Clevenger Aff., ¶¶ 4-8.) Prudential asserts that elections are only made when all insured requests that they be done (Kossar Cert., Ex. A, Yee Aff., ¶ 5) and therefore concludes that because the "coordination of benefits" option was indicated on the Clevenger's policy, they must have opted for the coverage. (Id. ¶ 4.) Prudential has not produced an election of coverage form selecting the "coordination of benefits" option completed by the Clevengers.
After the accident, plaintiff submitted all medical bills to Prudential for payment. Prudential advised plaintiff that all bills should be submitted to the health insurance provider, pursuant to the election of coordinated coverage. On July 7, 1996, plaintiff's mother contacted Prudential to correct the alleged error regarding the designation of a PIP provider and submitted a Coverage Selection Form rejecting the PIP coordination of benefits option.
From June 17, 1996 until November 30, 1996, plaintiff's then health insurance provider, PHS, relying on the election of coverage form provided by plaintiff, made payment on plaintiff's medical bills. From December 1, 1996 until February 1, 1997, when plaintiff turned 18 and was no longer covered under his mother's plan, Amerihealth made payment on plaintiff's medical bills, in reliance on Prudential's election of coverage form. Prudential has paid all of plaintiff's medical bills related to this accident since plaintiff turned 18 and became ineligible for coverage under his mother's health care plans.
Plaintiff, PHS, and Amerihealth now seek to have a declaratory judgment identifying Prudential as the responsible insurer and requiring Prudential to pay for plaintiff's medical expenses incurred from June 17, 1996 through February 1, 1997. PHS seeks reimbursement from Prudential in the approximate amount of $143,933.95, and Amerihealth seeks reimbursement from Prudential in the approximate amount of $23,193.93.

2. Discussion

1. Jurisdiction

At oral argument on March 1, 2002, counsel for Prudential challenged this Court's jurisdiction over this matter, arguing that plaintiff lacks standing to sue and also that there is no case or controversy because all of plaintiff's medical bills have been paid, and therefore this Court would be prohibited to issue an advisory opinion by Article III, Section 2 of the United States Constitution. This Court disagrees and finds that this Court has jurisdiction over this matter.
This action, originally filed on March 6, 2001 in the Superior Court of New Jersey, Law Division, Burlington County, was timely removed by defendant PHS on April 10, 2001. The basis for removal and exclusive federal jurisdiction was interpretation of an ERISA plan. (See Notice of Removal, ¶ 5.) Plaintiff alleges breach of contract against defendant Prudential. Defendant Amerihealth's cross-claim seeks contribution and indemnification from co-defendants Prudential and PHS. Defendant Prudential seeks contribution and indemnification from co-defendants PHS and Amerihealth. There is no diversity jurisdiction as defendant PHS and plaintiff Clevenger are both citizens of the State of New Jersey. No challenge has been made to the removal of this action and, because plaintiff alleged in his *467 complaint that defendants PHS and Amerihealth have "wrongfully refused and continue to refuse to honor the claims of plaintiff for payment of medical expenses as a result of [plaintiff's] accident" (see Compl. at 2-3), this Court finds that the action was properly removed pursuant to Section 502(a)(1)(B).[2]See 29 U.S.C. 1132(a)(1)(B).
This Court, therefore, has subject matter jurisdiction over the ERISA complaint pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over plaintiff's breach of contract claim against Prudential, which does not involve an ERISA policy, pursuant to 28 U.S.C. § 1367(a),[3] because plaintiff's claim against Prudential forms part of the same case or controversy.
Prudential asserts that because plaintiff's medical bills have been paid, they lack standing and there is no case or controversy before this Court. Standing is an important element in the case or controversy inquiry. See Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 350 (3d Cir.1986). A plaintiff must allege an injury that can be fairly traced to defendant's conduct, and which can be redressed by the requested relief. See Vermont Agency of Nat. Resources v. United States, 529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000); Valley Forge Christian College v. Americans for Separation of Church & State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); Society Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175-76 (3d Cir.2000); Federal Kemper, 807 F.2d at 351 (citation omitted).
Once established, lack of standing deprives this Court of subject matter jurisdiction. Thus, a challenge to standing is tantamount to a subject matter jurisdiction challenge. Although Rule 12(b)(1), Fed. R.Civ.P. allows a court to dismiss a Complaint for lack of subject matter jurisdiction, ordinarily subject matter jurisdiction should be analyzed under the more lenient standards of Rule 12(b)(6), not Rule 12(b)(1). Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir.), rehearing denied, certiorari denied 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Thus, although the lack of standing issue gives rise to a question of this Court's subject matter jurisdiction, the proper standard to be applied to the standing issue is that of a motion to dismiss under 12(b)(6).
Plaintiff in his Amended Complaint, and co-defendants Amerihealth and Prudential in their cross-claims, seek a declaratory judgment identifying the party responsible for the payment of plaintiff's medical bills from June 17, 1996 through February 1, 1998. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, provides a remedy for litigants in federal court where another source of subject matter *468 jurisdiction exists. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937), reh'g denied, 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937); Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153 (3d Cir.1995). Whether to hear an action under the Declaratory Judgment Act is within the discretion of the trial court. State Auto Ins. Cos. v. Summy, 234 F.3d 131 (3d Cir.2000).
Prudential has failed to show that this Court lacks subject matter jurisdiction to hear this case. Plaintiff seeks a declaration that Prudential is responsible for payment of his PIP benefits from June 17, 1996 to February 1, 1997 because, he alleges, no election for coordination of benefits was made by him. This is sufficient, under the applicable standard, to allege an injury that can be fairly traced to defendant's conduct. Also, the injury could be redressed by the requested relief, if successful, in that Prudential would be ordered to reimburse defendants PHS and Amerihealth for expenditures made erroneously from Prudential's alleged breach.

2. Summary Judgment Standard on Cross-Motions

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id.
In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "[T]he nonmoving party's evidence `is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999) (quoting Anderson, 477 U.S. at 255, 106 S.Ct. 2505). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250, 106 S.Ct. 2505; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-330 (3d Cir. 1995) (citing Anderson, 477 U.S. at 248, 106 S.Ct. 2505) ("[T]he nonmoving party creates a genuine issue of material fact if it provides sufficient evidence to allow a reasonable jury to find for him at trial.").
The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989), cert. denied, 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990). However, where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by `showing'that is, pointing out to the district court  that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548.
The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions. Weissman v. United States Postal Serv., 19 F.Supp.2d 254 (D.N.J. 1998). When ruling on cross-motions for summary judgment, the court must consider the motions independently, Williams v. *469 Philadelphia Hous. Auth., 834 F.Supp. 794, 797 (E.D.Pa.1993), aff'd, 27 F.3d 560 (3d Cir.1994), and view the evidence on each motion in the light most favorable to the party opposing the motion. See Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.

3. Analysis

Plaintiff does not dispute that at the time of the accident, the Prudential policy said that the "coordination of benefits option" applied. They do, however, dispute that they ever elected to have this option apply, and also contend that the designation was ambiguous and made in error by Prudential. Both plaintiff and Prudential have submitted affidavits in support of their positions on this factual dispute. Prudential has produced no form or evidence that plaintiff ever elected this option or knew about its implications, and plaintiff denies doing so, under oath, by affidavit. (See Costa Cert., Ex. C.) Defendants dispute that the option was selected in error and argue that because it was on the declarations page that way, and because defendants PHS and Amerihealth paid plaintiff's PIP benefits initially, they, not Prudential, are responsible for those payments.
At oral argument, counsel for plaintiff argues that it was defendant Prudential's burden to produce the coverage election form as a matter of law, and counsel for Prudential argued that it was plaintiff's burden to do so as a matter of law. Neither party cited any New Jersey caselaw specifically addressing this issue. This Court is unwilling, as a matter of law, to determine which party bears the burden of production of this form.
This dispute about the election of benefits form or lack thereof concerns material facts relevant to the central issue in this case; that is, which provider was obligated to provide PIP coverage to plaintiff at the time of the accident. Resolution of the legal issues in this case requires a production of evidence and determination of facts by a factfinder on the issue of whether plaintiff elected the "coordination of benefits" option or whether Prudential indicated that election in error. Because there is a genuine issue of material fact remaining, all three motions must be denied.

4. Conclusion

For the reasons stated herein, plaintiff's motion for summary judgment, joined by Amerihealth, defendant PHS's motion for summary judgment, and defendant Prudential's cross-motion for summary judgment will be denied. This action will proceed in the ordinary course to trial. The accompanying Order is entered.

ORDER
THIS MATTER having come before the court on plaintiff's motion for summary judgment [Docket Item 16-1], in which defendant Amerihealth joins, defendant PHS's motion for summary judgment [Docket Item 18-1] and defendant Prudential's cross-motion for summary judgment [Docket Item 19-1] pursuant to Rule 56, Fed.R.Civ.P.; and the Court having considered the written submissions of the parties; and the Court having heard Oral Argument on March 1, 2002; and for the reasons stated in the Opinion filed this date;
IT IS on this ____ day of March 2002, hereby
ORDERED that plaintiff's motion for summary judgment [Docket Item 16-1], in which defendant Amerihealth joins, and defendant PHS's motion for summary judgment [Docket Item 18-1] be, and hereby are, DENIED;
IT IS FURTHER ORDERED that defendant Prudential's cross-motion for summary *470 judgment [Docket Item 19-1] be, and hereby is, DENIED.
Plaintiffs claims and all cross-claims will proceed in the ordinary course to trial.
NOTES
[1] Defendant PHS filed a separate motion for summary judgment, labeled as a cross-motion, [Docket Item 18-1] joining plaintiff's application for summary judgment against defendant Prudential and adopting and incorporating plaintiff's brief. Defendant Amerihealth filed a document entitled "Certification of Patrick J. Holston, Esquire, In Support of Defendant Amerihealth HMO Inc.'s Motion for Summary Judgment" [Docket Item 17-1], however, Amerihealth never filed an original notice of motion. Amerihealth's submission, therefore, will be considered in support of plaintiff and PHS's motions for summary judgment.
[2] ERISA Section 502(a)(1)(B) provides:

(a) Persons Empowered to Bring Civil Action.A civil action may be brought
(1) by a participant or beneficiary
. . . . .
(B)to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
29 U.S.C. § 1132(a)(1)(B).
[3] Section 1367(a) reads:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.